612 So.2d 755 (1992)
STATE of Louisiana
v.
Terrance J. METOYER.
No. 92-KA-377.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1992.
*756 Bruce G. Whittaker, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for appellant/defendant Terrance J. Metoyer.
Dorothy A. Pendergast, Asst. Dist. Atty., Research & Appeals, Tom Barbera, Asst. Dist. Atty., Louise Korns, Gretna, for appellee State.
Before KLIEBERT, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Terrance J. Metoyer, appeals from his conviction for aggravated escape, his adjudication as a fourth felony offender and sentence to natural life imprisonment, at hard labor, without benefit of probation or suspension of sentence. For the reasons which follow, we affirm the conviction, vacate the adjudication that the defendant is a fourth felony offender and the sentence, and remand.
Defendant, by bill of information filed on July 18, 1898, was charged with aggravated escape, a violation of La.R.S. 14:110. At arraignment on August 21, 1989, defendant pled not guilty. On October 20, 1989, defendant filed a Notice of Change Plea From Not Guilty To Not Guilty By Reason Of Insanity. A jury trial was held on October 20, 23, 24 and 25, 1989. Defendant was found guilty, as charged, of aggravated escape. Defendant, by bill of information filed on October 31, 1989, was charged with being a fourth felony offender, under La. R.S. 15:529.1. The prior felony convictions were listed as: 1) 271-556, Div. F, Orleans Parish Criminal District Court on October 19, 1979, Terrance J. Metoyer pled guilty to simple robbery and was sentenced to five years at hard labor; 2) 271-779, Div. F, Orleans Parish Criminal District Court on October 19, 1979, Terrance J. Metoyer pled guilty to two counts of armed robbery and attempted murder and was sentenced to ten years at hard labor, on each count, to run concurrently; 3) 323-064, Div. F, Orleans Parish Criminal District Court on March 29, 1988, Terrance J. Metoyer was convicted, by a jury, of simple robbery and forcible rape and was sentenced on July 22, 1988 to seven years and eighty years, at hard labor, respectively, to run consecutively; and 4) defendant was found guilty of aggravated escape on October 25, 1989, herein. On November 29, 1989 the habitual offender hearing was held and defendant was adjudicated a fourth felony offender under La.R.S. 15:529.1. He was then sentenced to natural life imprisonment, at hard labor, without benefit of probation or suspension of sentence. Defendant appeals herein.
*757 The evidence at trial was essentially uncontradicted. On June 19, 1989 defendant was in the custody of the Louisiana Department of Corrections. He was transported to Division "J" of the Twenty-Fourth Judicial District Court in Gretna for a hearing by Sgt. Larry Covington, an employee of the Louisiana State Penitentiary at Angola. At approximately 10:30 a.m. Sgt. Covington took the defendant to the men's restroom on the third floor. There, he removed his handcuffs. When the defendant exited the toilet stall, he charged Sgt. Covington, started swinging, wrestled his loaded .357 Magnum pistol from him and ran out of the restroom toward a door which opened onto the third floor stairwell. At the same time Deputy W. Dukes Richardson, a bailiff for a division of court, was about to open the same door from the other side. Deputy Richardson had heard a commotion, hollering and a metal can being banged. He saw the defendant, in a prison outfit, with a gun. He opened his hands and backed off, showing that he was unarmed. The defendant went past him down the stairs and out of the building. That day, Juan Shelby gave a ride to the courthouse to some friends. The defendant jumped into his truck bed, pointed the gun at him and ordered him to drive away. A few minutes later, when Shelby came upon a police vehicle, he rammed it with his truck. The defendant jumped out of the truck and ran toward the police car. Patrolman Lloyd Chapman of the Westwego Police Department saw that the defendant had a weapon. Chapman began firing and emptied his weapon. The defendant fell down, wounded.
The defendant's mother, uncle, aunt and brother testified about his abuse as a child and mental condition. Dr. Edward Levy and Dr. Aris Cox, psychiatrists, testified that they thought the defendant knew the difference between right and wrong and was sane at the time of the commission of the offense. Phylis Campo, a psychiatric social worker, reviewed the defendant's medical records and interviewed relatives to conclude that he fit the profile of a schizophrenic and at times would have difficulty distinguishing right from wrong.
The jury rejected defendant's plea of Not Guilty and Not Guilty by Reason of Insanity and found defendant guilty, as charged, of aggravated escape. Defendant assigned no errors regarding his conviction but only requested a patent error review. We find no errors patent on the face of the record of the conviction and, therefore, affirm the conviction of aggravated escape.
Defendant argues that the trial court erred in finding that he was a fourth felony offender. He contends that the evidence of the first two convictions does not establish that they were constitutionally entered (no showing of a waiver of his right to a trial by jury). Further, he contends that the record, silent as to his discharge from state custody and supervision for these earlier offenses, does not comply with La.R.S. 15:529.1(C), the cleansing provision of the multiple offender statute. Defendant also requests that the court review the record for all errors patent.
In response to defendant's arguments, the state merely argues that the defendant did not properly object at the multiple offender proceeding. Thus, absent proper objection, his arguments should not be considered by this court on appeal.
The record of the habitual offender hearing contains many objections by defense counsel. He continuously objected to the evidence submitted by the state to support the enhanced sentence. At one point, he objected that the record "didn't reflect what he [defendant] was incarcerated for, how long he was incarcerated for." Later he objects stating:
Your honor, the state wishes to do this without testimony from a clerk or a warden. They need to present prima facie evidence. I'm trying to go by the book on this, that's all. You want to sentence the man to life imprisonment without parole, I think we need to go by the book.
Another time, defense counsel objected to the documents evidencing the earlier convictions, stating "I don't believe they conform with the statute." The objections were numerous and sufficiently specific *758 to have preserved defendant's right to raise the issue on appeal.[1] Accordingly, we will consider defendant's argument that his adjudication as a fourth felony offender and sentence to natural life in prison are not supported by the record.
To prove that defendant is an habitual offender, the State must establish, by competent evidence, the prior felony convictions and that the defendant is the same person who was convicted of the prior felonies. State v. Chaney, 423 So.2d 1092 (La.1982); State v. James, 516 So.2d 396 (La.App. 5th Cir.1987). Prima facie proof of a prior felony conviction may be established by compliance with La.R.S. 15:529.1(F) which provides:
F. The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other state of the United States, or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.
Where the prior conviction was made pursuant to a plea of guilty, the State must prove that the plea was obtained after the defendant was advised of and knowingly waived his constitutional rights. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. James, supra.
The State also has the burden of proving that the five year period set out in La.R.S. 15:529.1(C), has not elapsed. La. R.S. 15:529.1(C) provides:
C. This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony of which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods.
The "cleansing period" begins to run from the date that defendant is actually discharged from state custody and supervision. State v. Anderson 349 So.2d 311 (1977). Thus, evidence of the date of discharge, as provided in La.R.S. 15:529.1(F), is essential to the case; State v. Nicholas, 359 So.2d 965 (1978), State v. Bullock, 311 So.2d 242 (La.1975).
Proof that the accused is the same person convicted of the prior offenses is also an essential element of the habitual offender adjudication. State v. Brown, 514 So.2d 99 (La.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988), rehearing denied, 487 U.S. 1228, 108 S.Ct. 2888, 101 L.Ed.2d 923 (1988). The fact that the defendant and the person described in the records evidencing the prior convictions have the same name, standing alone, is insufficient to prove that the defendant was the same person who was convicted of the previous crimes. State v. Brown, supra; City of Monroe v. French, 345 So.2d 23 (La.1977).
In reviewing this case in light of the foregoing, it appears that the evidence and record herein are deficient. The evidence *759 introduced to establish the two 1979 guilty plea convictions does not show that defendant was adequately advised of his Boykin rights before entering his pleas. See: State v. Santiago, 416 So.2d 524 (La.1982); State v. James, supra. Also, there is no evidence in the record indicating the dates that defendant was discharged from state custody and supervision after each offense, leaving the record silent as to whether the five year cleansing period (La.R.S. 15:529.1(C)) has elapsed. Finally, there is little evidence to support a finding that the defendant herein is the same man in the four felony convictions. State v. Brown, supra. However, we pretermit consideration of these issues because, on other grounds, under State ex rel Mims v. Butler, 601 So.2d 649 (La.1992), the multiple offender adjudication and life sentence must be vacated and the case remanded for further proceedings. Any deficiencies in the record may be corrected on remand.
In State ex rel Mims, supra, the Supreme Court specifically addressed the question of whether there was a sequential requirement for enhanced penalties in the sentencing of multiple offenders. The court answered affirmatively, holding that second offender status could only result from an offense committed after a first conviction, and third offender status after a second conviction which would have qualified as a second offender conviction, and so on. Accordingly, Mims' sentence as a third offender was vacated where it was based on two prior convictions entered on the same day, even though they resulted from independent criminal conduct.
Mims is directly on point with the case before us. The first two convictions, relied on by the state to support defendant's status as a fourth offender, were based on two guilty pleas entered on the same day. As in Mims, neither offense was committed after a conviction and, therefore, they could not be used to enhance defendant's sentence as two felony convictions. Thus, the trial court erred in finding that defendant was a fourth felony offender and in sentencing him to natural life imprisonment, without benefit of probation or suspension of sentence.
Accordingly, defendant's conviction for aggravated escape is affirmed. The adjudication of defendant as a fourth felony offender and his sentence to natural life imprisonment, without benefit of probation or suspension of sentence, are vacated. The case is remanded for further proceedings.
CONVICTION AFFIRMED; ADJUDICATION AND SENTENCE VACATED; CASE REMANDED.
NOTES
[1] Furthermore, defendant is entitled to raise these arguments on application for post-conviction relief. Thus in the interest of judicial economy, under our supervisory jurisdiction, we may consider them at this time. State v. Rogers, 555 So.2d 500 (La.App. 4th Cir.1989). See also State v. Baker, 452 So.2d 737 (La.App. 1st Cir. 1984), holding that failure to establish the cleansing period would be considered on appeal without objection, as error patent.