681 So.2d 951 (1996)
James R. TOWNLEY
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS.
No. 96-C-1940.
Supreme Court of Louisiana.
November 1, 1996.

*952 ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, STATE OF LOUISIANA
Prior report: 676 So.2d 1203.
PER CURIAM.[*]
WRIT GRANTED.
On May 11, 1984, James Townley was convicted of simple burglary of a pharmacy in violation of La.R.S. 14:62.1 and three counts of simple burglary in violation of La.R.S. 14:62. These convictions became final after being affirmed on appeal. On March 2, 1988, Townley was convicted of one count of simple burglary in violation of La.R.S. 14:62 and one count of simple criminal damage to property in violation of La.R.S. 14:56. On June 6, 1988, Townley escaped from the custody of the Department of Public Safety and Corrections (the Department) and, on September 27, 1988, Townley was convicted of simple escape in violation of La.R.S. 14:110(A)(1). However, at the time of his conviction for simple escape, Townley's 1988 convictions for simple burglary and simple criminal damage to property had not yet been affirmed on appeal and become final for use as a basis for an enhanced sentence under La.R.S. 15:529.1. Despite this fact, the trial court adjudicated Townley as a third felony offender.
The third circuit court of appeal set aside the third felony offender adjudication and adjudicated Townley as a second felony offender. According to the third circuit, Townley's 1988 convictions of simple burglary and criminal damage to property were not final at the time he committed the simple escape, and thus, could not be used to adjudicate him a third felony offender and enhance his sentence under La.R.S. 15:529.1.[1]
At some point, Townley discovered that the Department had classified him as a third offender, resulting in denial of parole consideration under La.R.S. 15:574.4(A)(1).[2] Townley sought administrative relief through three levels under La.R.S. 15:1171 et seq., La.R.S. 49:964 et seq., and La.Admin.Code 22:I(3)(A) § 325, to no avail. Townley then sought judicial review and the nineteenth judicial district ruled the Department's classification was correct under La.R.S. 15:529.1 and La.R.S. 15:574.4.
Townley appealed, and the first circuit court of appeal reversed the nineteenth judicial district court's decision. The first circuit stated that Townley would have been classified as a third felony offender in their circuit. However, the first circuit also ruled that they were bound by the third circuit's adjudication of Townley as a second felony offender and that the Department was also bound by that adjudication. Thus, according to the first circuit, the Department is bound by an offender's classification under the Habitual Offender Law, La.R.S. 15:529.1, when determining parole eligibility under La.R.S. 15:574.4.
This writ, therefore, presents two issues: 1) Whether a conviction must have become final before it can serve as the basis for the imposition of an enhanced sentence under the Habitual Offender Law, La.R.S. 15:529.1; and 2) Whether the Department is bound in its calculations for determining parole eligibility under La.R.S. 15:574.4 by the court's adjudication of an offender as an habitual offender under La.R.S. 15:529.1.
This court has previously held that a conviction must have become final before it can serve as a basis for an enhanced sentence under La.R.S. 15:529.1. See State ex rel. Jackson v. Donnelly, 486 So.2d 729 (La. 1989); State ex. rel. Clark v. Hunt, 337 So.2d 438 (La.1976); State v. Gani, 157 La. 231, 102 So. 318 (1924). Therefore, as Townley's 1988 convictions for simple burglary and criminal damage to property were not final, they could not be used under the Habitual Offender Law, La.R.S. 15:529.1, to enhance his sentence. As such, the first circuit's statement that Townley would be adjudicated a third felony offender in the first circuit is *953 an incorrect statement of the law. Nevertheless, the Department may consider the nonfinal conviction in determining Townley's parole eligibility under La.R.S. 15:574.4.
This court also has held that multiple convictions entered on the same day should constitute only one offense for determining a defendant's status as a habitual offender under La.R.S. 15:529.1 and for determining his parole eligibility under La.R.S. 15:574.4. State v. Westmoreland, 559 So.2d 479 (La. 1990). However, this court has never held that the Department is bound in its calculations by all of the rules governing sentencing determinations made earlier at the district court. St. Amant v. 19th JDC, 94-0567 (La. 9/3/96), 678 So.2d 536; State ex rel. Simmons v. Stalder, 93-1852 (La. 1/26/96), 666 So.2d 661. Thus, the Department is not bound by the district court's adjudication of Townley's habitual offender status under La.R.S. 15:529.1 when the Department is making its calculations to determine parole eligibility under La.R.S. 15:574.4.
Accordingly, the third circuit's adjudication of Townley as a second felony offender is correct under the law. However, the Department is not bound by the third circuit's classification of Townley as a second felony offender when the Department makes its calculation under La.R.S. 15:574.4 to determine Townley's parole eligibility.
NOTES
[*] Watson, J., not on panel. See Rule IV, Part 2, § 3.
[1] The Habitual Offender Law, La.R.S. 15:529.1, provides for the imposition of an enhanced sentence where the offender is adjudged to be a habitual offender.
[2] La.R.S. 15:574.4 provides that upon conviction of a second felony offense, the offender shall be eligible for parole consideration upon serving one-half of the sentence imposed, but that an offender convicted of a third or subsequent felony shall not be eligible for parole.