1 CANNELLA, J.
Defendant, Terrance Metoyer, appeals from the multiple offender proceedings in which he was sentenced to life in prison upon the court finding that he is a third offender. For the reasons which follow, we vacate the sentence and remand.
This case is before us on appeal for the third time. Originally, defendant appealed from his conviction for aggravated escape and sentence as a fourth offender to life in prison. State v. Metoyer, 612 So.2d 755 (La.App. 5th Cir.1992). On December 16, 1992 this court affirmed the conviction and, expressly noting several errors in the habitual offender proceedings, set aside the finding that defendant was a fourth offender and remanded the case for further proceedings. Almost two years later, the trial court took up the matter again on November 30, 1994. The State submitted essentially the same Udefective evidence offered originally and urged the court to find that defendant was a third offender. Despite defense counsel’s objection and argument that defendant was entitled to a full hearing, the court overruled the objection, found that defendant was a third offender based on the same defective record and sentenced him again to life in prison.
On the second appeal, in an unpublished opinion, following the State’s concession that the trial court had erred in finding defendant to be a third offender based on the defective record, this court again vacated the sentence and remanded the case for further proceedings. State v. Metoyer, 97-673 (La.App. 5th Cir.1/27/98), 707 So.2d 522.
On February 24, 1999, defendant was brought back before the trial court on the habitual offender bill of information. The state submitted new evidence to prove defendant’s status as a third offender. The court found defendant to be a third offender and sentenced him to life in prison. It is from this sentence that defendant appeals.
*1175 On appeal defendant argues that the trial court erred in sentencing him to life in prison. Defendant points out that he committed the instant offense in 1989. At that time, the habitual offender statute did not provide for a life sentence for the offenses to which defendant had been convicted. Rather, defendant argues that La. R.S. 15:529.1 provided for a maximum 20 year sentence under the facts of this case.
The state concedes that the law in effect at the time of the commission of the instant offense governs the case. Further, La. R.S. 15:529.1 as written |4in 1989 does not expressly provide for a life sentence where defendant is convicted of aggravated escape. However, the state argues that a review of the legislative history of the provision indicates that the Legislature intended aggravated escape to be included, even though it is not expressly included.[1]
La. R.S. 15:529.1, as written in 1989, provided in pertinent part as follows:
A.(2) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then,
(a) The person shall be sentenced to imprisonment for any term not less than one-half the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction; or
(b) If the third felony and each of the two prior felonies involved violation of R.S. 14:34, R.S. 14:62.1, R.S. 14:65. R.S. 14:110(B), or any crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
At the time of the commission of defendant’s third offense, aggravated escape was defined under La. R.S. 14:110(C) and provided:
C. (1) Aggravated escape is the intentional departure of a person from the legal custody of any officer of the Department of Public Safety and Corrections or any law enforcement officer or from any place where such person is legally confined when his departure is under circumstances wherein human life is endangered.
(2) Whoever commits an aggravated escape as herein defined shall be imprisoned at hard labor for not less than five years nor more than ten years and any | flsuch sentence shall not run concurrently with any other sentence.
Thus, the crime to which defendant was convicted, aggravated escape, was set out in La. R.S. 14:110(C) rather than La. R.S. 14:110(6), and carried a sentence of less that 12 years. As such it was not one of the listed offenses set out in La. R.S. 15:529.1(A)(2)(b). While the state argues that the legislature intended aggravated escape to be included within La. R.S. 15:529.1(A)(2)(b), it is well settled that criminal laws, which are penal in nature, are to be strictly construed and cannot be extended by analogy. State ex rel Mims v. Butler, 601 So.2d 649 (La.1992).
Moreover, the sentencing transcript indicates that defendant was sentenced under a mistake of law because the court was sentencing defendant under the current habitual offender law which was not applicable.
Therefore, we find that defendant’s sentence as a third offender to life in prison was imposed in error. The sentencing range applicable in this case is provided in La. R.S. 15:529.1(A)(2)(a), with a 5 year minimum and a 20 year maximum.
*1176 Accordingly, for the reasons set forth above, we vacate the imposed sentence of life in prison and remand the case for further proceedings.[2]
SENTENCE VACATED; CASE REMANDED.

. The state also argues that defendant is precluded from raising this issue on appeal because he failed to file a motion to reconsider sentence. However, La.C.Cr.P. art. 882 au *1176 thorizes an appellate court to review the legality of a sentence on appeal.

. On remand, it should be noted that defendant is currently serving an eighty-seven year sentence for his underlying offenses. Aggravated escape carries a maximum ten year sentence that is to be served consecutively with any other sentence the defendant is serving. Those factors should be weighed in light of State ex rel Williams v. Henderson, 289 So.2d 74 (La.1974) and State v. Broussard, 416 So.2d 109 (La.1982) in deciding whether to again move forward on the habitual offender bill or to simply impose sentence on the defendant for the aggravated escape conviction.