STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-0928

STATE OF LOUISIANA

VERSUS

OTERRELL BOUTTE
AKA O'TERREL BOUTTE
AKA O'TERRELL BOUTTE, ET AL.

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 119198
HONORABLE GLENNON EVERETT, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of John D. Saunders, Oswald A. Decuir, and Jimmie C. Peters, Judges.

AFFIRMED.

Alan P. Haney
Assistant District Attorney
Fifteenth Judicial District
P. O. Box 4308
Lafayette, LA 70502
(337) 291-7009
COUNSEL FOR APPELLEE:
        State of Louisiana

W. Jarred Franklin
Louisiana Appellate Project
3001 Old Minden Road
Bossier City, LA 71112
(318) 746-7467
COUNSEL FOR DEFENDANT/APPELLANT:
        Oterrel Joseph Boutte

PETERS, J.

This matter is before us for a second time on the issue of the defendant's habitual offender status. Previously, the defendant, Oterrel Joseph Boutte,[1] appealed his conviction for monetary instrument abuse, a violation of La.R.S. 14:72.2, as well as his adjudication as a fourth felony offender. This court, in separate opinions, affirmed his conviction but vacated his adjudication as a fourth felony offender and remanded the matter to the trial court for further proceedings. *State v. Boutte*, 09-583 (La.App. 3 Cir. 12/16/09), 27 So.3d 312; *State v. Boutte*, 09-404 (La.App. 3 Cir. 1/13/10), 27 So.3d 1111. After holding a new hearing, the trial court again adjudicated the defendant as an habitual offender.[2] The trial court then sentenced him to serve twenty years at hard labor. The defendant again appeals his adjudication and sentence. For the following reasons, we affirm the adjudication and sentence in all respects.

Of the five assignments of error before this court, the defendant's counsel raises two. The remaining three are *pro se* assignments of error. The defendant's counsel asserts that:

1. The trial court erred in adjudicating Mr. Boutte a fourth felony habitual offender.

2. The sentence imposed is excessive for Mr. Boutte and this offense.

In his *pro se* assignments of error, the defendant asserts that:

1. the trial court [erred] in adjudicating him a fourth felony offender in absence of the State's proof at the multiple offender hearing that the predicate pleas were made with the assistance of counsel.

2. the trial court committed error patent on the face of the record when it relied on a predicate offense that was never in existence for the purpose of finding him to be a fourth felony offender. In

---

[1]The defendant is known by a number of aliases.

[2]Although the trial court did not specifically state that it was adjudicating the defendant a fourth felony offender, it found that the defendant had at least three prior felony convictions, and the defendant asserts in his brief to this court that the trial court adjudicated him a fourth felony offender.

this matter as the information charging that a non-existent offense suffered an unwaivable substantial defect that cannot be cured at this late state of the proceedings by noting the correct date the predicate conviction was obtained.

3. it was error for the trial court to use a non-finalized conviction for the purpose of sentence enhancement.

### *Assignment of Error Number 1*

In this assignment of error, the defendant challenges the evidence supporting his adjudication as a fourth felony offender. Specifically, he asserts that the State of Louisiana (state) failed to produce any evidence to establish the discharge date of any of his prior convictions, and that this failure is fatal to his adjudication as an habitual offender.

Louisiana Revised Statutes 15:529.1(C) provides that:

> The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions, or adjudication or adjudications of delinquency, or between the expiration of the maximum sentence or sentences of each preceding conviction or convictions or adjudication or adjudications of delinquency alleged in the multiple offender bill and the date of the commission of the following offense or offenses. In computing the intervals of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses.

The record before us establishes that the defendant pled guilty to possession of cocaine on February 7, 1994; to accessory after the fact to attempted second degree murder on February 28, 1994; and to possession of cocaine on February 4, 2002. These three convictions, together with the conviction for monetary instrument abuse, constitute the basis for the defendant's adjudication as a fourth felony offender. The defendant committed the offense of monetary instrument abuse on March 25, 2003, and was convicted of that offense on July 2, 2008.

2

The defendant correctly points out that the state presented no evidence to establish the discharge dates for any of his prior convictions, and cites us to *State v. Davis*, 41,245 (La.App. 2 Cir. 8/9/06), 937 So.2d 5, as support for his position that the evidence is insufficient to support his adjudication.

The defendant in *Davis* had been sentenced in 1983 to ten years at hard labor by the State of Texas for a rape conviction. The Texas court suspended Davis' sentence and placed him on probation. However, his probation was revoked on April 25, 1985, and he was ordered to serve his ten year sentence, but subject to credit for time served. The offense for which he was being adjudicated an habitual offender occurred on April 28, 2004. Thus, as pointed out by the second circuit, the discharge date was critical in determining whether the cleansing period had run. In finding that Davis' habitual offender adjudication and sentence should be vacated, the second circuit relied on its holding in a previous case, *State v. Boykin*, 29,141 (La.App. 2 Cir. 01/31/97), 688 So.2d 1250. The second circuit stated in *Boykin* that:

> This "cleansing period" begins to run from the date that a defendant is actually discharged from state custody and supervision. *State v. Anderson*, 349 So.2d 311 (La.1977); *State v. Metoyer*, 612 So.2d 755 (La.App. 5th Cir.1992). The state has the burden of proving the date of defendant's discharge from state supervision. *See State v. Lorio*, 94,2591 (La.App. 4th Cir. 9/28/95), 662 So.2d 128. Where a defendant has been adjudicated a habitual offender, the state's failure to prove the defendant's date of discharge and thus prove that the "cleansing period" has not expired is error patent on the face of the record. *See State v. Bullock*, 311 So.2d 242 (La.1975); *see also State v. Baker*, 452 So.2d 737 (La.App. 1st Cir.1984).

*Id.* at 1257-58.

The state asserts that the matter now before us is distinguishable from *Davis* because the record establishes without any additional evidence that the cleansing period has not lapsed in the defendant's case. That being the case, the state argues, it was not necessary to prove the discharge dates. In support of its argument, the state

3

cites us to our holding in *State v. Sanders*, 542 So.2d 1134, 1137 (La.App. 3 Cir. 1989), where this court held that if the time since a defendant's last conviction was less than the statutory cleansing period, "the State need not prove the date of discharge on the earlier sentence in the Habitual Offender proceeding."[3]

We reached a similar result in *State v. Webster*, 95-605, pp. 8-9 (La.App. 3 Cir. 11/2/95), 664 So.2d 624, 630, wherein this court stated:

> In our opinion the drafters of La.R.S. 15:529.1 intended for the five year cleansing period to apply only to a defendant who is able to live five years without being convicted of a felony. See *Bennett, The Work of the Louisiana Supreme Court for the 1947-1948 Term--Criminal Law and Procedure*, 9 La.L.Rev. 247, 271-72 (1949); *Wilson, The Louisiana Criminal Code--Making the Punishment Fit the Criminal*, 5 La.L.Rev. 53, 61-62 (1942). See also *State v. Anderson*, 349 So.2d 311 (La.1977). The Louisiana Supreme Court has interpreted La.R.S. 15:529.1(C) in *State ex. rel. Wilson v. Maggio*, 422 So.2d 1121, 1123 (La.1982), wherein the Court stated:
>
> > . . . in order to use a prior felony offense to support a multiple offender adjudication there must not have intervened, before commission of another felony, a five year "cleansing" period, that is, five years between the end of the previous sentence *and the commission of another felony*. (Emphasis added.)

The second circuit reached a similar conclusion in *State v. Wallace*, 44,831, pp. 7-8 (La.App. 2 Cir. 10/28/09), 26 So.3d 176, 181, where it stated:

> Although the state has the burden of proving that the 10-year period has not expired, the state need not prove the discharge date when less than 10 years have elapsed between the last conviction and the subsequent conviction. *State v. Smith*, (La.App. 4 Cir. 7/20/05), 913 So.2d 836; *State v. Collins*, 2001-1459 (La.App. 4 Cir. 8/21/02), 826 So.2d 598.

*See also State v. Mosley*, 08-1319 (La.App. 5 Cir. 5/26/09), 16 So.3d 398; *State v. Smith*, 05-375 (La.App. 4 Cir. 7/20/05), 913 So.2d 836, *writ denied*, 07-811 (La. 1/11/08), 972 So.2d 1159; *State v. Gaines*, 93-1554 (La.App. 1 Cir. 6/24/94), 639

---

[3]At the time of the *Saunders* decision, La.R.S. 15:529.1 provided for a five-year cleansing period. By 1994 La. Acts 3rd Ex.Sess. No 85 the cleansing period was increased to seven years. It was increased to ten years by 1995 La. Acts No. 839, § 1.

4

So.2d 458, *writs denied*, 94-1921 (La. 11/4/94), 644 So.2d 1058, *and* 94-1980 (La. 11/4/94), 644 So.2d 1058.

We agree with the state's position on this issue and find no merit in the defendant's assignment of error. At no time between the four convictions is there a ten-year cleansing period. Each of the first three convictions occurred within ten years of each other, and the fourth offense was committed less than ten years after the third offense.

### *Assignment of Error Number 2*

The maximum incarceration period for a conviction for monetary instrument abuse is ten years at hard labor. La.R.S. 14:72.2. Because the maximum sentence is a term less than the defendant's natural life, the penalty for his fourth offense adjudication is "a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life." La.R.S. 15:529.1(A)(1)(c)(i). Thus, the defendant's twenty-year hard labor sentence is the statutory minimum for his adjudication. Nevertheless, the defendant asserts in this assignment of error that the sentence is excessive and that the trial court erred in not deviating from the statutory minimum and imposing a lesser sentence that would not be constitutionally excessive.

Although the minimum sentences imposed upon multiple offenders pursuant to the Habitual Offender Law are presumed constitutional, a court has the power to declare such a sentence excessive under Article I, Section 20 of the Louisiana Constitution. *State v. Lindsey*, 99-3302 (La. 10/17/00), 770 So.2d 339. "A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality." *State v. Johnson*, 97-1906, p. 7 (La.3/4/98), 709 So.2d 672, 676.

5

To rebut the presumption of constitutionality, the defendant must show that he is "exceptional, which in this context means that because of unusual circumstances [he] is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." *Id.* at 676.

As pointed out by the state, the defendant presented no evidence to show that his particular case was so exceptional that it deserved a downward departure from the mandatory minimum sentence as set forth in La.R.S. 15:529.1. Therefore, we find no merit in this assignment of error.

### Pro Se Assignment of Error Number 1

In his first *pro se* assignment of error, the defendant asserts that the transcript is void of any evidence to establish beyond a reasonable doubt that he was represented by counsel when he entered his pleas to the predicate offenses. This assertion is not correct. Minutes of court introduced by the state at the habitual offender hearing establish that the defendant was represented by an attorney on each occasion he entered his guilty pleas in the underlying convictions. Thus, this assignment of error has no merit.

### Pro Se Assignment of Error Number 2

In his second *pro se* assignment of error, the defendant asserts that the trial court erred in relying on a predicate offense that did not exist in finding him to be a fourth felony offender. He bases this argument on the fact that the habitual offender bill of information states that he pled guilty to the possession of cocaine charge on February 2, 2002, while that the correct date of his conviction for that offense was February 4, 2002. The state acknowledges this error in the bill of information charging the defendant as an habitual offender, but asserts that the error is harmless.

6

The fifth circuit, in *State v. Carey*, 04-1073 (La.App. 5 Cir. 3/29/05), 901 So.2d 509, reached a decision supportive of the state's position when it was faced with a situation where the habitual offender bill stated that the defendant had been tried for the underlying offense on February 20, 2004, when the actual trial date was February 12, 2004. Additionally, the bill of information listed the conviction date for the underlying offense as April 23, 1997, but that date was actually the date the defendant was convicted of the predicate offense. In its discussion of these errors, the fifth circuit stated:

> The purpose of a bill of information is to inform a defendant of the nature and cause of the accusation against him as required by the Louisiana Constitution, Article 1, § 13. A clerical error does not require a dismissal of the bill or reversal of a conviction if the error or omission does not mislead the defendant to his prejudice. La.C.Cr.P. art. 464; *State v. Varnado*, 01-367, p. 7 (La.App. 5th Cir.9/13/01), 798 So.2d 191, 194. In *State v. Jason*, 99-2551, p. 13 (La.App. 4th Cir.12/6/00), 779 So.2d 865, 873, *writ denied*, 01-0037 (La.11/9/01), 801 So.2d 357, the court held that a typographical error in the habitual offender bill of information which listed the wrong date of one of the defendant's convictions was not prejudicial to the defendant because it contained the correct case number and section of court. Thus, the defendant knew which prior plea was being used in the bill of information.

*Id*. at 513.

In the matter now before us, the only error concerning the underlying conviction complained of was the erroneous conviction date, and there is nothing to suggest that the defendant did not know which prior conviction was being used in his adjudication proceedings, or that the error mislead him to his prejudice. As did the fifth circuit in *Carey,* we find that the clerical error complained of by the defendant was harmless, and we find no merit in this assignment of error. *See also, State v. Bailey*, 04-85 (La.App. 5 Cir. 5/26/04), 875 So.2d 949, *writ denied*, 04-1605 (La. 11/15/04), 887 So.2d 476, *cert. denied*, 546 U.S. 981, 126 S.Ct. 554 (2005) and *State v. Jason*, 99-2551 (La.App. 4 Cir. 12/6/00), 779 So.2d 865, *writ denied*, 01-37 (La.

7

11/9/01), 801 So.2d 357.

### *Pro Se Assignment of Error Number 3*

In his final *pro se* assignment of error, the defendant asserts that the trial court erred in using a non-finalized conviction for the purpose of sentence enhancement. He bases this argument on the fact that his conviction for monetary instrument abuse had not become final, and directs our attention to the supreme court's decision in *Townley v. Dep't. of Pub. Safety & Corr.*, 96-1940 (La. 11/1/96), 681 So.2d 951, as support for his argument. We do not find *Townley* to be supportive of the defendant's position.

In *Townley*, the defendant had been convicted of simple burglary of a pharmacy and three counts of simple burglary in 1984, and of simple burglary and simple criminal damage to property in 1988. He was remanded to the custody of the Louisiana Department of Public Safety and Corrections on March 2, 1988, and escaped on June 6, 1988. He was later apprehended, and was subsequently convicted of simple escape on September 27, 1998. The prior convictions, together with the simple escape conviction, constituted the basis for his adjudication as a third felony offender. However, at the time of his adjudication, appeals were still pending on the 1988 convictions and, therefore, they were not final. The supreme court concluded that the 1988 convictions could not be used to have him adjudicated as an habitual offender and have his sentence enhanced pursuant to La.R.S. 15:529.1 because they were not yet final.

While the holding in *Townley* remains the rule of law with regard to the use of a prior conviction, the supreme court rejected the defendant's position that the underlying conviction must be final before an enhanced sentence for that offense could be imposed through an adjudication proceeding in *State v. Martin*, 316 So.2d

8

740, 742-43 (La.1975). In *Martin*, the supreme court stated:

> Considered in the light of the statute [the Louisiana Habitual Offender Law], defendant's argument is patently specious. The multiple offender law merely prescribes enhanced penalties for a basic conviction. The sentencing of defendant is pursuant to the basic conviction and is in no way related to any prior offense. Hence, the sentencing procedure is the same whether defendant is sentenced according to the standard penalty or the enhanced penalties prescribed for multiple offenders. Extended to its logical extreme, defendant's reasoning would prevent a trial judge from sentencing any duly convicted criminal defendant until all avenues of appeal on the validity of the conviction alone had been exhausted. This argument is contrary to the procedures set forth in the Code of Criminal Procedure and the Louisiana Habitual Offender Law.

Accordingly, we find no merit in this assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's adjudication as a fourth felony offender and affirm the sentence imposed.

**AFFIRMED.**