STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1354

STATE OF LOUISIANA

VERSUS

AARON ORLANDO RICHARDS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR133795
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS
JUDGE**

**********

Court composed of John D. Saunders, Marc T. Amy, and James T. Genovese, Judges.

**AFFIRMED.**

**Michael Harson
District Attorney, 15th Judicial District Court
Alan P. Haney, Assistant District Attorney
Post Office Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:**
        State of Louisiana

**Edward John Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Aaron Orlando Richards**

**Aaron Orlando Richards, Pro se**
**Louisiana State Penitentiary**
**Camp J, Gar 3-L**
**Angola, LA 70712**

**SAUNDERS, Judge.**

Defendant was charged as a habitual offender on December 7, 2011. A habitual offender hearing was held on August 8, 2012, following which the trial court found Defendant to be a third felony offender and, pursuant to La.R.S. 15:529.1(A)(3)(b), sentenced him to imprisonment for life without the benefit of parole, probation, or suspension of sentence.

Defendant filed a "Motion for Reconsideration of Sentence" on August 23, 2012, asserting that the sentence was excessive. The trial court denied the motion without a hearing.

Defendant now appeals the sentence. His argument is that the sentence was excessive under the circumstances of his case.

## FACTS:

Defendant was convicted of second degree robbery on July 20, 2011. He was convicted, along with several other offenses, of second degree battery in October 1997, and aggravated flight from an officer in November 2007. Defendant also has an appeal pending in this court for his second degree robbery conviction numbered 12-1382.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR:

Defendant argues that his life sentence is excessive under the circumstances of his case. Defendant was sentenced as a third felony offender pursuant to La.R.S.15:529.1(A)(3)(b), which provides:

A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:

. . . .

(3) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:

. . . .

(b) If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violations of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crime punishable by imprisonment for twelve or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

In the current case, Defendant was convicted of the underlying offense of second degree robbery, a violation of La.R.S. 14:64.4, which provides for a range of punishment of not less than three years and not more than forty years at hard labor and is a crime of violence as designated by La.R.S. 14:2(B)(35). He was also convicted of second degree battery, a violation of La.R.S 14:34.1, which is designated a crime of violence. La.R.S. 14:2(B)(6). Finally, Defendant was convicted of aggravated flight from an officer, a violation of La.R.S. 14:108.1, which is also designated as a crime of violence. La.R.S. 14:2(B)(39).

In *State v. Boutte,* 10-928, pp. 5-6 (La.App. 3 Cir. 3/9/11), 58 So.3d 624, 629, *writ denied*, 11-689 (La. 10/07/11), 71 So.3d 314, this court discussed the constitutionality of minimum sentences imposed upon habitual offenders:

Although the minimum sentences imposed upon multiple offenders pursuant to the Habitual Offender Law are presumed constitutional, a court has the power to declare such a sentence excessive under Article I, Section 20 of the Louisiana Constitution.

2

*State v. Lindsey*, 99-3302 (La.10/17/00), 770 So.2d 339. "A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality." *State v. Johnson,* 97-1906, p. 7 (La.3/4/98), 709 So.2d 672, 676. To rebut the presumption of constitutionality, the defendant must show that he is "exceptional, which in this context means that because of unusual circumstances [he] is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." *Id.* at 676.

In the current case, in his motion to reconsider the sentence, Defendant only argued that the sentence was excessive. He gave no reasons why the sentence was excessive in his particular case. In brief, Defendant argues only:

"In its ruling[,] the trial court provides no analysis or review of the particular facts and circumstances of this particular defendant such as his "family history, prior criminal conviction like if whether it was violent or non violent and whether it was similar or dissimilar to the conviction for which the defendant is being sentence, other aggravating and mitigating circumstances such as those provided in Code of Criminal Procedure Article 894.1, and the impact of the crime on the victim." *State v. Morgan*, [96-354 (La.App. 4 Cir. 4/17/96), 673 So.2d 256], *writ denied*, 97-2629 (La. 4/24/98), 717 So.2d 1161.

However, we find that "[w]here there is a constitutional mandatory sentence, there is no need for the trial court to justify, under Article 894.1, a sentence it is legally required to impose." *State v. Gill,* 40,915, pp. 6-7 (La.App. 2 Cir. 5/17/06), 931 So.2d 409, 413, *writ denied*, 06-1746 (La. 1/26/07), 948 So.2d 165. Defendant makes no argument showing that he is exceptional because of unusual circumstances and that he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of his case.

Accordingly, we find no merit to this assignment of error.

## DECREE:

Defendant's sentence is affirmed.

**AFFIRMED.**