COOKS, J.
Dissents.
[tUnder the majority’s decision, Defendant, an honorably discharged American veteran of Desert Storm, suffering from drug addiction, and unable to get medical help from the U.S. Veterans’ Administration, will spend the rest of his life in prison for selling .69 gram of marijuana to an undercover police officer who solic *703 ited the sale while Defendant was in his own home minding his own business. The majority ignores the fact that the trial court placed the entire record of the conviction for selling this tiny amount of marijuana into the record for the habitual offender hearing, including the transcript of the sentencing hearing at which he went to great lengths to explain why he was imposing only a fifteen-year sentence out of a possible thirty years. The majority incorrectly asserts that there was no evidence presented at the hearing on the habitual offender charge, and then fails to conduct even a review for bare excessiveness as required by our longstanding jurisprudence. It certainly is shocking to my conscience as an appellate judge to imagine that this Defendant, in light of the evidence and testimony put forth at his hearings, which the trial judge found to be credible and worthy of note, could be sent to prison for life based on the sale of .69 gram of marijuana. Although his overall record meets the technical criteria to be considered a fourth felony offender, the trial judge specially noted, after fully reviewing his past convictions, that this Defendant is not what the law means to refer to as a “drug dealer” but is simply an addict, who has, in the past, turned to crime to feed his habit. Even so, |aas the trial judge specially noted on the record, it had been over ten years since Defendant’s last conviction until his present conviction for selling a tiny amount of marijuana. Likewise, it is clear that this Defendant is not the type of defendant the legislature envisioned sending to prison for life when imposing the mandatory life sentence for habitual offenders under La.R.S. 15:529.1(A)(4)(b).
The trial judge articulated his belief that Defendant is in need of treatment for drug addiction, but noted regrettably that the law does not allow him to order such treatment but only allows him to suggest to the Department of Corrections that Defendant would benefit from such treatment. The trial judge also noted that he believed Defendant’s testimony that he has a drug addiction problem. He also believed the testimony of Defendant’s mother regarding Defendant’s addiction problem and inability to get help from the Veterans’ Administration for his health problem. She testified that her son has had an addiction problem since he returned from Desert Storm. The trial judge noted Defendant sold a small amount of drugs to feed his habit and does not seem to be the more serious type of “drug dealer” whom our laws are aimed at incarcerating for long periods of time. The trial judge remarked “I mean you were not a drug kingpin selling bales of marijuana to school children on the school ground. I mean, that’s not the kind of thing that we’re looking at here[,]” and further stated “I agree that you’re not what we would think of as a drug dealer so far as I can tell.” The trial judge further stated “But you are a four-time felon, and that presents problems that I can’t overcome for you no matter how much I would want to.” The trial judge, in determining the appropriate sentence for Defendant’s conviction for distribution of marijuana continued to express his sentiments adding “As I was saying, I think that the maximum sentence is not what is called for here ... The time between your felonies is also kind of interesting, at least for the convictions. You had one in 1994, distribution of cocaine. The simple robbery was also in 1994, the next day. So I’m guessing that |sthose were related. You had a simple burglary in '97 for which you got six years. And then you were okay until this one, all the way to 2012.” (emphasis added)
It should be obvious to any court reviewing the entire record made part of the habitual offender hearing that the trial *704 judge, after fully considering Defendant’s prior convictions; the gravity of his latest offense which made him a fourth-time offender; the special circumstances of that conviction; and the factors unique to this Defendant, believed the maximum sentence which should be imposed on this Defendant is fifteen years. The State, having pushed for the maximum thirty-year sentence for selling .69 gram of marijuana, (based on the fact that Defendant had prior convictions) dissatisfied with the trial judge’s decision, then filed a multiple offender bill triggering a mandatory life sentence. It is clear from the record that the trial judge mistakenly believed he simply had no choice but to impose the mandatory life sentence.
The trial judge committed legal error when he sentenced Defendant to life imprisonment because he believed the law did not permit him to do otherwise. Not only does our law permit him to deviate from the mandatory sentence, he is in fact “duty bound” to do so if he makes a determination that such punishment would make no measurable contribution to acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering grossly disproportionate to the severity of the crime. State v. Dorthey, 623 So.2d 1276 (La.1993). In State v. Johnson, 97-1906, p. 8 (La.03/04/98), 709 So.2d 672, 676, quoting State v. Young, 663 So.2d 525 (La.App. 4 Cir.1995), our state supreme court held a trial judge is permitted to deviate downward from a statutory mandatory minimum sentencing provision of the Habitual Offender Law when a defendant shows by clear and convincing evidence that “[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the h offender, the gravity of the offense, and the circumstances of the case. If the trial court does find justification for reducing the mandatory minimum sentence it must then impose “the longest sentence which is not constitutionally excessive” with specific reasons explaining why the sentence it is imposing is in fact the longest sentence not constitutionally excessive as applied. Johnson, 709 So.2d at 677. The trial judge in this case had the constitutional authority and duty to deviate from the mandatory minimum sentence. It is clear from the record that this trial judge did not know that he could do so, and that he was, indeed, duty-bound to do so. The evidence made part of the record in the habitual offender hearing clearly demonstrates the trial judge did not think this Defendant deserved even thirty years let alone a life sentence. The case should be remanded to the trial court for further proceedings to determine whether this Defendant has shown that “because of unusual circumstances [he] is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.” Johnson, 709 So.2d at 676 (quoting State v. Young).
The majority is satisfied to stop with the determination that the technical requirements of La.R.S. 15:529.1(A)(4)(b) are satisfied for imposition of a mandatory life sentence without benefit of probation, parole, or suspension of sentence against this Defendant as a fourth felony offender. This however, is by no means the end of the inquiry. Our notions of fundamental fairness and due process of law demand further constitutional considerations of the appropriateness of this life-sentence-without-benefit imposed on this particular Defendant for his particular offense.
As we noted in State v. Boutte, 10-928, pp. 5-6 (La.App. 3 Cir. 3/9/11), 58 So.3d *705 624, 629, writ denied, 11-689 (La.10/7/11), 71 So.3d 314 (emphasis added):
| ¿¡Although the minimum sentences imposed upon multiple offenders pursuant to the Habitual Offender Law are presumed constitutional, a court has the power to declare such a sentence excessive under Article I, Section 20 of the Louisiana Constitution. State v. Lindsey, 99-3302 (La.10/17/00), 770 So.2d 339. “A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality.” State v. Johnson, 97-1906, p. 7 (La.3/4/98), 709 So.2d 672, 676. To rebut the presumption of constitutionality, the defendant must show that he is “exceptional, which in this context means that because of unusual circumstances [he] is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.” Id. at 676.
I believe it is unconscionable to impose a life-sentence-without-benefit upon this Defendant who served his country on the field of battle and returned home to find his country offered him no help for his drug addiction problem. It is an incomprehensible, needless, tragic waste of a human life for the sake of slavish adherence to the technicalities of law. It is bereft of fundamental fairness, and absent any measure of balance between imposition of the most severe punishment short of death with the gravity and culpability of the offense. I must, therefore, vigorously dissent.