## NOT FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-809

STATE OF LOUISIANA

VERSUS

BRENDALL BOURQUE

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 145425
HONORABLE MARILYNN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
J. David Painter, Judges.

AFFIRMED.

Michael Harson, District Attorney
Alan P. Haney, Assistant District Attorney
P.O. Box 4308
Lafayette, LA 70502
(337) 291-7009
COUNSEL FOR APPELLEE:
        State of Louisiana

Edward K. Bauman
Louisiana Appellate Project
P.O. Box 1641
Lake Charles, LA 70602
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT:
        Brendall Bourque

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

The facts established Defendant, Brendall Bourque, failed to renew his sex offender registration timely and failed to notify law enforcement of a change in his employment.

On January 21, 2011, Defendant was charged by bill of information with two counts of failure to register, violations of La.R.S. 15:542(B). Defendant pled not guilty to the charges on January 24, 2011. Subsequently, on January 4, 2012, the State amended the bill of information to charge Defendant with one count of failure to renew registration, a violation of La.R.S. 15:542.1.1, and one count of failure to notify law enforcement of change of registration information, a violation of La.R.S. 15:542.1.2. On January 11, 2012, the State filed another amended bill of information, but the charges remained the same. Defendant pled not guilty to the amended charges on January 12, 2012. After a jury trial, Defendant was found guilty as charged on January 18, 2012. Subsequently, on May 31, 2012, Defendant was sentenced on each count to eight years at hard labor without benefits, to run concurrently with one another. Defendant was also charged as a habitual offender, adjudicated a fourth habitual offender as to count one, and sentenced to twenty years at hard labor on count one, to run concurrently with the sentence imposed on count two. *State v. Bourque*, 12-1359 (La.App. 3 Cir. 6/5/13), 114 So.3d 649.

Defendant appealed both his conviction and habitual offender adjudication. Finding the trial court erred in granting the State's "reverse-*Batson*" motion, this court vacated Defendant's convictions, his sentences, and his habitual offender adjudication, and remanded the case for further proceedings. *State v. Bourque*, 12-1358 (La.App. 3 Cir. 6/5/13), 114 So.3d 642, *writ denied*, 13-1598 (La. 3/14/14), 134 So.3d 1187, and *State v. Bourque*, 114 So.3d 649. Upon remand, on April 29, 2014, a jury once again found Defendant guilty as charged. On May 13, 2014, the

2

trial court sentenced Defendant on each count to eight years at hard labor without benefits, to run concurrently with one another. Defendant filed a motion to reconsider sentence, which was denied without a hearing on May 27, 2014. Defendant was granted an appeal of his convictions and sentences on May 29, 2014.

In a separate docket number, the State filed a habitual offender bill, charging Defendant as a fourth habitual offender. On June 26, 2014, the trial court adjudicated Defendant a fourth habitual offender, vacated the sentence previously imposed on count one, and imposed an enhanced sentence of twenty years at hard labor on count one, to run concurrently with the sentence imposed on count two. Defendant filed a motion for appeal of his habitual offender adjudication and sentence, which was granted on July 11, 2014.

By order of this court dated August 26, 2014, Defendant's two appeals were consolidated for briefing purposes only; they will be handled as two separate appeals. In the previous appeal, this court's docket number 14-780, we affirmed Defendant's convictions for failure to renew his sex offender registration, a violation of La.R.S. 15:542.1.1, and failure to notify law enforcement of change of registration information, a violation of La.R.S. 15:542.1.2. In this appeal, Defendant asserts the trial court erred in adjudicating him a fourth felony offender. For the following reasons, we find no merit in this assignment of error.

## ANALYSIS

Defendant asserts the trial court erred in adjudicating him a fourth felony offender. Defendant argues the State failed to prove the discharge dates of his prior offenses. Citing La.R.S. 15:529.1(C), Defendant argues:

> The state failed to prove that ten years had not elapsed between Mr. Bourque's release from state custody and supervision for any of the prior convictions on October 2, 2003, December 11, 2003, or February 22, 1990, and the current offense which occurred on April 29, 2014. Although a new basis for an objection cannot be raised for

3

the first time on appeal, La.Code Crim.P. art. 841, *State v. Cressy*, 440 So.2d 141 (La.1983), La.Code Crim.P. art. 920 provides for appellate review for errors patent on the face of the record. The ten year cleansing period begins to run from the date a defendant is actually discharged from state custody and supervision. *State v. Metoyer*, 612 So.2d 755 (La.App. 5 Cir. 1992). The state's failure to prove a defendant's discharge date, thus proving that the cleansing period has not expired, is error patent on the face of the record. *State v. Davis*, 41,245 (La.App. 2 Cir. 8/9/06), 937 So.2d 5, *rehearing denied, appeal after remand,* (La.App. 2 Cir. 1/9/08).

As the State failed to meet its burden of proving the ten year cleansing period had not elapsed, Brendall Bourque's sentence as a habitual offender should be vacated and the matter remanded to the trial court for further proceedings.

In response, the State argues that it proved there was no ten-year gap between Defendant's previous convictions and the date of the offense for which the sentence was enhanced.

It is not necessary to determine whether the alleged error should be addressed as an error patent even though it was not objected to in the lower court. Louisiana Revised Statutes 15:529.1(C) provides:

The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions, or between the expiration of the maximum sentence or sentences of each preceding conviction or convictions alleged in the multiple offender bill and the date of the commission of the following offense or offenses. In computing the intervals of time as provided herein, any period of parole, probation, or incarceration by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses.

In *State v. Thomas*, 05-2210, p. 10 (La.App. 1 Cir. 6/9/06), 938 So.2d 168, 176, *writ denied*, 06-2403 (La. 4/27/07), 955 So.2d 683, the first circuit stated the following about the above statutory provision:

The statutory revision makes it clear that each step of the defendant's multiple offender ladder must be examined to determine whether the State may link his first conviction to his second, his second conviction to his third, and his third conviction to his fourth to charge the defendant as a fourth felony offender.

4

In "linking" up the defendant's prior convictions, the date that a defendant is actually discharged from state custody and supervision is the date upon which the cleansing period begins. *State v. Boutte*, 10-928, p. 3 (La.App. 3 Cir. 3/9/11), 58 So.3d 624, 627, *writ denied*, 11-689 (La. 10/7/11), 71 So.3d 314 (quoting *State v. Boykin*, 29,141 (La.App. 2 Cir. 1/31/97), 688 So.2d 1250). While a defendant is on parole, he is still in state custody. *State v. Vincent*, 387 So.2d 1097 (La.1980). Thus, the cleansing period does not begin until the defendant's parole ends.

In the present case, the State charged Defendant with three previous felony convictions: (1) possession of cocaine (conviction date October 2, 2003); (2) false impersonation of a police officer (conviction date December 11, 2003); and (3) distribution of dihydrocodeinone (conviction date February 22, 1990). The commission date of the offense for which Defendant's sentence was enhanced (failure to renew registration as a sex offender) was November 19, 2010.[1] Since ten years did not lapse between Defendant's commission of failure to renew his registration (November 19, 2010) and Defendant's most recent prior conviction (false impersonation of a police officer – December 11, 2003), the State was not required to prove the date on which Defendant was discharged for serving his sentence for falsely impersonating a police officer. *See Boutte*, 58 So.2d 624. Additionally since false impersonation of an officer and the next previous conviction (possession of cocaine) occurred within a few months of each other (December 11, 2003 and October 3, 2003, respectively), the State was not required to prove Defendant's discharge date for the possession of cocaine conviction. It is clear that ten years did not lapse between any of these convictions.

---

[1] We note that in brief, Defendant asserts the commission date of the sentence being enhanced was April 29, 2014. That date, however, was the date on which Defendant was convicted of failure to renew registration. The pertinent date is the date on which the offense was *committed*. La.R.S. 15:529.1(C). That date is November 19, 2010.

5

Thus, the only remaining "link" in the ladder is the link between the discharge date for his first previous conviction (distribution of dihydrocodeinone--conviction date February 22, 1990) and the commission of Defendant's next previous conviction (possession of cocaine--conviction date October 2, 2003). As the State notes in its brief, it introduced a letter from the Department of Public Safety and Corrections dated June 26, 2012, which shows that Defendant's parole for distribution of dihydrocodeinone (conviction date February 22, 1990) ended on June 14, 1999. This exhibit was introduced at Defendant's first habitual offender hearing without any objection. At Defendant's most recent habitual offender proceeding, the State asked the trial court to take judicial notice of the first habitual offender proceeding, which the trial court did without any objection from Defendant. It is apparent from the record that less than ten years lapsed between Defendant's June 14, 1999, discharge date for distribution of dihydrocodeinone and Defendant's conviction for possession of cocaine (October 2, 2003); thus, the State satisfied its burden of proving that less than ten years lapsed between these two previous offenses. Accordingly, the period between each of the "links" in the "ladder" were each less than ten years.

## DECREE

For the foregoing reasons, Defendant's convictions and sentences are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2-16.3.