PER CURIAM:
The defendant was charged by bill of information with possession of marijuana with the intent to distribute in violation of La.R.S. 40:967. After the defendant waived his right to a trial by jury, the court *1039 found him guilty as charged on January 9, 1981. Thereafter, he was sentenced to four (4) years in parish prison. The state subsequently charged the defendant as a fourth felony offender under the provisions of La.R.S. 15:529.1, and on June 8, 1981, the defendant was so adjudicated. On September 4, 1981, the trial court then vacated its original sentence and resentenced the defendant to twenty (20) years at hard labor. The defendant has appealed his conviction and sentence to this Court, urging three assignments of error.
We have reviewed the assignments as they relate to the merits of the defendant’s conviction and find no error in the challenged rulings by the trial court. Defendant’s conviction is therefore affirmed. The defendant’s adjudication and sentence as a fourth offender is vacated, however, and this case is remanded to the district court for resentencing. La.R.S. 15:529.1(A) requires that in order for a federal conviction to be used by the state as the basis of a multiple offender adjudication, the offense giving rise to the conviction must constitute a felony under the laws of this state. The defendant’s December 21, 1976 federal convictions for a violation of the Gun Control Act of 1968, 26 U.S.C. §§ 5861(d) and 5861(i), were not, at the time of its commission, felonies under Louisiana law. La.R.S. 40:1785; 40:1788; 40:1791; Acts 1935, 4th Ex.Sess. No. 17, § 13; State ex rel. Wilson v. Maggio, 422 So.2d 1121 (La.1982). The federal convictions cannot be considered a prior felony for the purposes of the defendant’s adjudication as a fourth felony offender. To the extent that the defendant was sentenced to penal servitude for his federal crimes, the federal convictions have a bearing only on the question of whether the five-year cleansing period in La.R.S. 15:529.1(C) has elapsed since the defendant’s second felony conviction, as alleged in the multiple offender bill of information, and his subsequent Louisiana felony conviction. See, State v. Bennett, 524 So.2d 1297 (La.App. 3rd Cir.1988).
CONVICTION AFFIRMED; ADJUDICATION AS A MULTIPLE OFFENDER AND SENTENCE VACATED; AND CASE REMANDED FOR RESENTENC-ING IN ACCORD WITH THE LAW.