FREDERICKA HOMBERG WICKER, Judge.
 

 12This is Jean U. Boiteux, defendant/appellant’s, second appeal. In his first appeal, Mr. Boiteux’s conviction and five-year hard labor sentence for second degree battery, La.R.S. 14:34.1, were affirmed.
 
 State v. Boiteux,
 
 10-1017 (La.App. 5 Cir. 8/30/11), 74 So.3d 731. Mr. Boiteux now appeals his enhanced nine-year hard labor sentence without benefit of probation or suspension of sentence. He assigns one error: The State failed to meet its burden of proving that the predicate felony used for enhancement fell within the 10-year “cleansing period.” He argues that the State sought to prove this by inadmissible hearsay. For the reasons that follow, we affirm.
 

 Procedural History/Facts
 

 In the prior appeal, this Court found no merit to Mr. Boiteux’s assignments challenging sufficiency of the evidence and ex-cessiveness of his five-year sentence. Finding no merit to the assignment regarding sufficiency, we summarized the pertinent facts and found:
 

 | JAJfter viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could have found that the State presented the essential elements of aggravated battery beyond a reasonable doubt.
 

 Here, the State presented evidence that defendant intentionally used violence on Ms. Cleronay by striking her with a metal pipe and a leather belt, i.e., a dangerous weapon. Furthermore, the State presented evidence that defendant intentionally administered a noxious substance, i.e. pepper spray, to Ms. Cleronay. Based on our finding that the evidence was sufficient to support aggravated battery, this court will not reverse defendant’s conviction of second degree battery.
 

 State v. Boiteux,
 
 10-1017, p. 5 (La.App. 5 Cir. 8/30/11), 74 So.3d 731.
 

 A few months after his conviction and original sentencing, the State filed a habitual offender bill of information alleging that Mr. Boiteux was a second felony offender based upon prior felony convictions in Florida for violations of aggravated assault with a deadly weapon,
 
 [1]
 
 aggravated
 
 *126
 
 battery with great bodily harm,
 
 [2]
 
 and aggravated stalking.
 
 [3]
 
 After the original sentence, but before the State filed the habitual offender bill, Mr. Boiteux filed a response objecting to the arrest documentation.
 
 [4]
 
 He also objected generally to the evidence the State sought to introduce without particularizing the basis for the objection. After the State filed the bill, Mr. Boiteux filed two motions for discovery, asking for copies of the evidence the State intended to introduce. Defense counsel was evidently prompted to file the premature response because as early as the original sentencing hearing, defense counsel and Mr. Boiteux were aware that the State intended to file a bill relying on the Florida predicate because, at that sentencing hearing, Mr. Boiteux rejected a plea offer to the bill.
 

 14A multiple bill hearing was held on February 3, 2011, at the conclusion of which the trial judge found Mr. Boiteux to be a second felony offender. Mr. Boiteux’s original sentence was vacated, and he was re-sentenced to nine years imprisonment in accordance with the mandatory minimum sentence provided for by the Habitual Offender Statute.
 
 [5]
 
 This timely appeal followed.
 

 The Hearing
 

 At the habitual offender hearing, the State presented the testimony of Donna Quintanilla, a Latent Print Examiner for the Jefferson Parish Sheriffs Office, who was accepted as an expert by joint stipulation of the State and the defense. Ms. Quintanilla identified State’s Exhibit 1 as the fingerprints she took from Mr. Boiteux in court that day.
 

 The State further produced Exhibit 2, a certified copy of an Arrest Print Card created in conjunction with Mr. Boiteux’s arrest for the instant conviction, second degree battery, which Ms. Quintanilla certified as a true reproduction. Ms. Quin-tanilla also examined State’s Exhibit 3, a certified document that included fingerprints taken in connection with Mr. Boi-teux’s convictions in Florida. Ms. Quin-tanilla concluded that the fingerprints from all three exhibits were made by the “same person, same finger, to the exclusion of all others.”
 

 The State next called Salvador Sparacel-lo, an Investigator for the Jefferson Parish District Attorney’s Office. Mr. Sparacello testified that he was asked by the Jefferson Parish District Attorney’s Office to contact the Miami Dade Clerk of Court to obtain Mr. Boiteux’s release date resulting from a conviction and revocation in Florida. The Clerk of Court for Miami Dade through Diane Catavina told him that Mr. Boiteux was released on July 8, 1999. Ms. Catavina advised Mr. Sparacello to contact the Miami Dade Correctional Center seeking | .^information on Mr. Boiteux’s release. Mr. Sparacello then spoke with Deputy Betty Martin who informed him that Mr. Boiteux’s release date was July 8, 1999. Ms. Martin also sent Mr. Sparacello a Miami Dade Correctional Center form by email listing that date as the latest release date. State’s Exhibit 12, which was admitted into evidence without objection from defense counsel, contains the initial corre
 
 *127
 
 spondence that Mr. Sparacello sent to the Miami Dade Clerk of Court requesting the information on Mr. Boiteux’s release date. The Clerk’s office responded to this query by an email dated December 17, 2010. State’s Exhibit 12 also contains a separate email from Betty Martin with a PDF attachment that indicated a release date for Mr. Boiteux of July 8,1999. Mr. Sparacel-lo testified that Deputy Martin told him that the PDF attachment to the email was a copy of the information that was in the Miami Dade Jail System.
 
 [6]
 

 After the hearing, the court found that the State met its burden of proving that Mr. Boiteux was a second felony offender.
 
 “Cleansing Period”
 

 The Habitual Offender Law provides that it is inapplicable where more than ten years have elapsed between the date of the commission of the current offense and the expiration of the maximum sentence of the previous conviction. La. R.S. 15:529.1(C). Mr. Boiteux contends in his sole assignment of error that the State failed to prove that less than ten years had elapsed from the time when he was convicted of the 1997 predicate felony and the commission of the subsequent |fioffense. Specifically, he argues that nothing in the documents presented by the State prove that he received a release date from state supervision for his previous Florida convictions within the ten-year “cleansing period.” Mr. Boiteux concludes that without proof of the actual date of discharge from state supervision, it was error for the trial court to find that he was a second felony offender.
 

 Although Mr. Boiteux filed a written response to the habitual offender bill of information, he did not raise this objection in the response or during the habitual offender hearing. Ordinarily, the issue would not be properly preserved for appellate review.
 
 See:
 
 La.R.S. 15:529.1(D)(l)(b) (Any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.). However, since the sufficiency of proof of the “cleansing period” bears on the defendant’s due process rights, we review the issue on appeal as an error patent.
 
 State v. Mosley,
 
 08-1319, p. 9 (La.App. 5 Cir. 5/26/09), 16 So.3d 398, 403. Therefore, we will address the issue.
 

 The State bears the burden of proving that the predicate convictions fall within the “cleansing period” prescribed by La.R.S. 15:529.1(C).
 
 State v. Metoyer,
 
 612 So.2d 755, 758 (La.App. 5 Cir.1992).
 
 See also State v. Hollins,
 
 99-278, p. 21 (La.App. 5 Cir. 8/31/99), 742 So.2d 671, 685,
 
 writ denied,
 
 99-2853 (La.1/5/01), 778 So.2d 587. This ten-year “cleansing peri
 
 *128
 
 od” begins to run from the date that a defendant is actually discharged from state custody and supervision.
 
 State v. Anderson,
 
 349 So.2d 311, 314 (La.1977);
 
 State v. Thomas,
 
 04-1341, p. 15 (La.App. 5 Cir. 5/31/05), 904 So.2d 896, 906,
 
 writ denied,
 
 05-2002 (La.2/17/06), 924 So.2d 1013. Thus, the commencement of the “cleansing period” is from the date of discharge from state supervision, because the discharge can take place earlier than the theoretical date on which the sentence would have terminated due to pardon, commutation or good time credit, or it could take place later because of parole | revocation.
 
 State v. Humphrey,
 
 96-838, p. 13 (La.App. 5 Cir. 4/29/97), 694 So.2d 1082, 1088,
 
 writ denied,
 
 97-1461 (La.11/7/97), 703 So.2d 35. However, if less than the “cleansing period” has elapsed between a defendant’s conviction on a predicate felony and his commission of a subsequent predicate felony, the State need not prove the date of discharge on the earlier sentence in the habitual offender proceedings.
 
 State v. Brooks,
 
 01-864, p. 12 (La.App. 5 Cir. 1/29/02), 807 So.2d 1090,1101 (citations omitted).
 

 The certified Florida Court records show that on November 24, 1997, Mr. Boi-teux entered a plea of
 
 nolo contendré
 
 and the trial court placed him on three-years’ probation subject to certain conditions with early termination after two years. Thus, it cannot be determined on the face of the certified court record when Mr. Boiteux was released from the state’s supervision. In this case, more than the ten-year “cleansing period” had elapsed between Mr. Boiteux’s conviction on the 1997 predicate felonies and his commission of the subsequent offense. Thus, the State was required to prove that the underlying offense was committed within ten years of Mr. Boiteux’s release from state custody for the predicate convictions in case 96-41470 in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.
 

 The State argues that Mr. Sparacello’s testimony established that he was provided both verbal and written confirmation by the Miami Dade Clerk of Court’s Office regarding Mr. Boiteux’s release of July 8, 1999, after his Florida convictions. The State further points out Mr. Sparacello’s testimony that he spoke with Deputy Martin of the Miami Dade Correctional Center, who sent him an email with a PDF attachment containing information from the Criminal Justice System that indicated Mr. Boiteux was released from Florida custody on July 8,1999.
 

 Is At the habitual offender hearing, the State produced certified copies of the bill of information in case number 96-41470 (State’s Exhibit 8), and a minute entry detailing Mr. Boiteux’s plea of
 
 nolo conten-dré
 
 (State’s Exhibit 3). Mr. Boiteux was given a sentence of three years of probation on November 24,1997 (State’s Exhibit 10). His probation was revoked on September 29, 1998, and he was sentenced to 364 days to be served in Dade County, Florida (State’s Exhibits 10 and 11). State’s Exhibit 12, which was admitted into evidence without objection, indicates that Florida’s Justice Information System shows July 8, 1999, as the date that Mr. Boiteux was released from incarceration. The underlying offense was committed on December 19, 2008, which is clearly within the ten-year “cleansing period” prescribed by La. R.S. 15:529.1(C).
 

 Mr. Boiteux contends that Mr. Sparacello’s testimony about what he was told pertaining to Mr. Boiteux’s release date by the Miami Dade Clerk of Court’s office was hearsay. However, the record shows that the defense did not object to Mr. Sparacello’s testimony or to Exhibit 12 introduced in conjunction with his testimony. Objections not made at the time of their occurrence are waived on appeal.
 
 *129
 

 State v. Favors,
 
 09-1034, p. 13 (La.App. 5 Cir. 6/29/10), 43 So.3d 253, 261,
 
 writ denied,
 
 10-1761 (La.2/4/11), 57 So.3d 309. Furthermore, as noted by the Louisiana Supreme Court, in the ordinary case, hearsay evidence not objected to constitutes substantive evidence.
 
 State v. Dabney,
 
 02-0934, p. 6 (La.4/9/03), 842 So.2d 326, 330 (per curiam).
 

 The uncontroverted evidence admitted at the habitual offender proceeding without objection, as well as testimony by the State’s witness, established that Mr. Boiteux was discharged from Florida’s custody on July 8, 1999. The underlying offense was committed on December 19, 2008, which is clearly within the ten-year Iscleansing period prescribed by La.R.S. 15:529.1(C). Accordingly, the trial court did not err in finding Mr. Boiteux to be a second felony offender.
 

 Error Patent
 

 This Court previously conducted an error patent review in Mr. Boiteux’s first appeal and found one error that required proper notification of the prescriptive period for filing an application for post-conviction relief.
 
 State v. Boiteux,
 
 10-1017, p. 6 (La.App. 5 Cir. 8/30/11), 74 So.3d 731. Mr. Boiteux is now only entitled to an error patent review of the habitual offender proceeding.
 
 See State v. Bolden,
 
 04-1000, p. 6, n. 1 (La.App. 5 Cir. 3/1/05), 901 So.2d 445, 449, n. 1,
 
 writ denied,
 
 05-2030 (La.4/28/06), 927 So.2d 279. Upon review we find no error patent requiring corrective action.
 

 Conclusion
 

 Accordingly, for the foregoing reasons, the habitual offender finding and sentence are affirmed.
 

 AFFIRMED
 

 [1]
 

 . Violations of Florida Statutes 784.02l(l)(a) and 775.087(1).
 

 [2]
 

 . Violations of Florida Statutes 784.045(l)(a)l and 775.087(l)(b).
 

 [3]
 

 . Violations of Florida Statute 784.048(3).
 

 [4]
 

 . According to Rule 2-1.14 of the Uniform Rules — Courts of Appeal, "[a]ny record lodged in this court may, with leave of court, be used, without necessity of duplication, in any other case on appeal or on writ.” Thus, we have reviewed pertinent pleadings and transcripts contained in the record of the former appeal that are necessary to adequately review the issues raised in the instant appeal.
 

 [5]
 

 .La.R.S. 15:529.1.
 

 [6]
 

 . The State also entered into evidence State’s Exhibits 4, 5, 6 and 7, which were copies of the Florida statutes that Mr. Boiteux was convicted of violating. State's Exhibit 8, is a certified copy of the bill of information used in Mr. Boiteux’s prosecution in Florida. State's Exhibit 9, to which the defense objected as cumulative, was a copy of an Arrest Affidavit from Florida pertaining to his convictions there. State's Exhibit 10, admitted without objection, is a certified copy of a minute entry from Miami Dade County, which reflects that Mr. Boiteux pleaded guilty as charged to the alleged offenses. State’s Exhibit 11, objected to by the defense as cumulative, is a Florida judgment which shows that Mr. Boiteux's probation was revoked on September 29, 1998, and that he was sentenced to a term of 364 days. State's Exhibit 13, erroneously referred to by the prosecutor as Exhibit 12, was a computer generated timeline that the State compiled for the court for the purposes of considering the "cleansing period” at issue. The defense objected to the exhibit as cumulative. State's Exhibit 14 consisted of a copy of the Habitual Offender Bill alleged against Mr. Boiteux in conjunction with the proceedings. All of the State's exhibits were admitted by the trial court.