HANS J. LILJEBERG, Judge.
^Defendant appeals his adjudication and sentence as a third felony offender. For the following reasons, we vacate defendant’s multiple offender adjudication, his sentence and remand.

Procedural History

On September 14, 2011, defendant, Frankie Baskin, was charged by bill of information with having committed aggravated incest upon a known juvenile on or between October 9, 2008 and March 31, 2010. After being convicted of La. R.S. 14:78.1, defendant was adjudicated as a fourth felony offender and was sentenced to 75 years imprisonment at hard labor. He appealed both his underlying conviction and his multiple offender adjudication. This Court affirmed defendant’s conviction and adjudication as a fourth felony offend *669 er. We amended his multiple offender sentence to delete the trial court’s imposed fíne and | ¿remanded the matter for the limited purpose of sending -written notice of the sex offender registration requirements to defendant.[1] See State v. Baskin, 13-351 (La.App. 5 Cir. 10/30/13), 129 So.3d 614. Defendant thereafter sought review at the Louisiana Supreme Court. The supreme court granted defendant’s writ, in part, ruling that the trial court erred in adjudicating and sentencing defendant as a fourth felony offender for purposes of La. R.S. 15:529.1 on the basis of defendant’s 2005 federal conviction for violation of 8 U.S.C. § 1324, where no comparable provision exists in Louisiana law. The supreme court therefore vacated defendant’s adjudication and sentence as a fourth offender and remanded the matter to the trial court for resentencing as a third felony offender. The writ was denied in all other respects. See State v. Baskin, 13-2747 (La.6/13/14), 140 So.3d 712.
On remand, the trial court, without a hearing, resentenced defendant as a third felony offender to imprisonment at hard labor for a term of 40 years to be served without benefit of probation or suspension of sentence. The trial court denied defendant’s motion for reconsideration of sentence and granted his motion for appeal.

Discussion

On appeal, defendant asserts that on remand, the trial court failed to recognize that without defendant’s predicate conviction in 2005, his two prior convictions in 1990 and 1992 fall outside the ten-year cleansing period; thus, the two prior convictions cannot be used to enhance defendant’s sentence as a multiple offender.
In order for a defendant to be found a habitual offender, the State must prove the existence of a prior felony conviction and that the defendant is the same person who was convicted of the prior felony. State v. Nguyen, 04-321 (La.App. 5 Cir. 9/28/04), 888 So.2d 900, 912, writ denied, 05-0220 (La.4/29/05), 901 So.2d 1064. In addition, the State bears the burden of proving that the predicate convictions fall within the “cleansing period” prescribed by La. R.S. 15:529.1(C), and thus, the Habitual Offender Law is inapplicable where more than ten years have elapsed between the date of the commission of the current offense and the expiration of the maximum sentence of the previous conviction. State v. Boiteux, 11-191 (La.App. 5 Cir. 12/13/11), 81 So.3d 123, 127; State v. Hollins, 99-278 (La.App. 5 Cir. 8/31/99), 742 So.2d 671, 685, writ denied, 99-2853 (La.1/5/01), 778 So.2d 587.
La. R.S. 15:529.1(0 specifically provides:
C. The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions, or between the expiration of the maximum sentence or sentences of each preceding conviction or convictions alleged in the multiple offender bill and the date of the commission of the following offense or offenses. In computing the intervals of time as provided herein, any period of parole, probation, or incarceration by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten- *670 year periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses.
La. R.S. 15:529.1(F) further provides that the State may present, as prima facie evidence of the defendant’s imprisonment and discharge, 'a certificate of the chief officer of a prison or jail or of a clerk of court, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary.
The ten-year “cleansing period” begins to run from the date that a defendant is actually discharged from state custody and supervision. State v. Anderson, 349 So.2d 311, 314 (La.1977); State v. Thomas, 04-1341 (La.App. 5 Cir. 5/31/05), 904 So.2d 896, 906, writ denied, 05-2002 (La.2/17/06), 924 So.2d 1013. Therefore, the commencement of the “cleansing period” is from the “date of discharge from state supervision, because the discharge can take place earlier than the theoretical date on which the sentence would have terminated due to pardon, commutation or good time credit, or it could take place later because of parole revocation.” State v. Mosley, 08-1319 (La.App. 5 Cir. 5/26/09), 16 So.3d 398, 401; State v. Humphrey, 96-838 (La.App. 5 Cir. 4/29/97), 694 So.2d 1082, 1088, writ denied, 97-1461 (La.11/7/97), 703 So.2d 35. However, if less than the “cleansing period” has elapsed between a defendant’s conviction on a predicate felony and his commission of a subsequent predicate felony, the State need not prove the date of discharge on the earlier sentence in the habitual offender proceedings. Mosley, supra at 401; State v. Brooks, 01-864 (La.App. 5 Cir. 1/29/02), 807 So.2d 1090, 1101.
At the original multiple offender proceedings held on September 20, 2012, the State offered evidence of defendant’s predicate convictions, stating:
I would draw your attention to the fact that the most recent conviction occurred in December of 2005 for a crime that occurred in 2004; prior to that in Orleans Parish, in 1992, he received a sentence of five years, which would extend his sentence to 1997; if you add ten years to that, you’d be in 2007; the conduct occurring in 2004 is well within the ten-year period; additionally, the other cert [sic] from 1990, again, would have until 2002 to prove another felony conviction; he got another one in 1992.
Because defendant’s 2005 federal conviction was quashed for purposes of defendant’s multiple offender status and more than the “cleansing period” has elapsed between defendant’s predicate offenses and the commission of the instant offense, the State is now required to prove the dates of discharge on the 1990 and 1992 sentences to prove that the commission of the instant offense fell within the cleansing period. The State’s evidence of , defendant’s predicate convictions, | (¡however, does not reflect when defendant was discharged on either the 1990 or 1992 convictions. Because there appears to be nothing in the record before us to prove that the commission of defendant’s current offense occurred within ten years of defendant’s discharge from either the 1990 or 1992 conviction, we find that the State failed to prove the ten-year cleansing period. Accordingly, neither the 1990 nor 1992 conviction may be used to adjudicate defendant a third felony offender.
Notwithstanding, because double jeopardy principles are inapplicable to sentence enhancement proceedings, the State may retry the multiple bill if able to cure the noted defect. State v. Dorthey, 623 *671 So.2d 1276, 1279 (La.1993); State v. Langlois, 97-1491 (La.11/14/97), 703 So.2d 1281.
Considering the foregoing, we vacate defendant’s adjudication and sentence as a third felony offender and remand the matter. See State v. Payne, 586 So.2d 652, 656 (La.App. 5th Cir.1991), rehearing denied, 626 So.2d 913 (La.App. 5th Cir.1993). If the defect cannot be cured, the trial court must resentence defendant on the aggravated incest conviction as his original sentence was vacated.

Decree

Defendant’s multiple offender adjudication and sentence are vacated and the matter is remanded.

MULTIPLE OFFENDER ADJUDICATION & SENTENCE VACATED & REMANDED.

. The January 7, 2014 transcript reflects that the trial court properly notified defendant of the sex offender registration requirements.