ROBERT M...MURPHY, Judge.
12Pefendant/appellant, Frankie Baskin, appeals his sentence as a third felony offender. For the reasons that follow, we affirm and remand with instructions.

STATEMENT OF THE CASE

This is defendant’s third appeal. In defendant’s second appeal, we summarized the underlying procedural history of his conviction and two prior multiple offender adjudications as follows:
On September 14, 2011, defendant, Frankie Baskin, was charged by bill of information with having committed aggravated incest upon a known juvenile on or between October 9, 2008 and March 31, 2010. After being convicted of La. R.S. 14:78.1, defendant was adjudicated as. a fourth felony offender and was sentenced to 75 years imprisonment at hard labor. He appealed both , his underlying conviction • and his. multiple offender adjudication. This Court affirmed defendant’s conviction and adjudication as a fourth felony offender. We-amended his multiple offender sentence to delete the trial court’s imposed fine and remanded the matter for the limited purpose of sending written notice of the sex offender registration requirements to defendant. See State v. Baskin, 13-351 (La.App. 5 Cir. 10/30/13), 129 So.3d 614. Defendant thereafter sought- review at the Louisiana Supreme Court. The supreme court granted defendant’s writ, in part, ruling that the trial court erred in adjudicating and sentencing defendant as. a fourth felony offender for purposes of La. R.S. 15:529.1 on the basis of defendant’s 2005 federal conviction for violation of 8 U.S.C. § 1324, where no comparable provision exists in Louisiana law. The supreme court therefore vacated defendant’s adjudication and sentence as a fourth offender and remanded the matter to the trial court for resentencing as a third felony offender. The writ was denied in all other respects. See State v. Baskin, 13-2747 (La.6/13/14), 140 So.3d 712.
[aOn remand, the trial court, without a hearing, resentenced defendant as a third felony offender to imprisonment at hard labor for a term- of 40 years to be served without benefit, of probation or suspension of sentence. The trial court denied defendant’s motion for reconsideration of sentence and granted his motion for appeal.
State v. Baskin, 14-820 (La.App. 5 Cir. 03/25/15), 169 So.3d 667.
In defendant’s second appeal, with respect to defendant’s convictions from 1990 *472 and 1992, we held that, “Because there appears to be nothing in the record before us to prove that the commission of defendant’s current offense occurred within ten years of defendant’s discharge from either the 1990 or 1992 conviction, we find that the State failed to prove the ten-year cleansing period. Accordingly, neither the 1990 nor 1992 conviction may be used to adjudicate defendant a third felony offender.” We further noted that, “Notwithstanding, because double jeopardy principles are inapplicable to sentence enhancement proceedings, the State may retry the multiple bill if able to cure the noted defect.” Baskin, supra, at 670. Accordingly, we vacated defendant’s multiple offender adjudication and sentence and remanded.
The record shows that, upon remand after defendant’s second appeal, the trial court, following a hearing, found defendant to be a third felony offender and sentenced him on August 5, 2015, to a term of 40 years at hard labor without the benefits of probation or suspension of sentence. Defendant’s motion for reconsideration of sentence was denied on August 17, 2015, and his motion for the instant appeal was granted on that same date.

ASSIGNMENT OF ERROR AND DISCUSSION

In his sole assignment of error, defendant contends that the trial court erred in adjudicating him to be a third felony offender. Specifically, defendant argues I ¿that the court improperly used the length of time that he spent under federal supervision for his federal conviction to calculate the ten-year cleansing period from his 1990 and 1992 convictions. Defendant concludes that it was an error, and a direct contradiction of the Louisiana Supreme Court’s ruling in his prior appeal, to use his time under federal supervision[1] in calculating the cleansing period when the supreme court had ruled that his federal conviction could not be used as a predicate offense pursuant to the multiple offender statute.
Conversely, the State argues that in granting defendant’s writ, the supreme court specifically directed that defendant be sentenced as a third felony offender, and the trial court complied with this order. The State also argues that, as per State v. Wills, 545 So.2d 1038 (La.1989), exclusion of the defendant’s term of federal supervision is permissible in determining the cleansing period, even though his federal conviction cannot be used as a predicate offense in his multiple offender bill of information.
The bill of information alleges October 9, 2008, as the first date of defendant’s act of aggravated incest upon a known juvenile. On October 9, 2008, the applicable version of La. R.S. 15:529.1(0) provided:
The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions, or adjudication or adjudications of delinquency, or between the expiration of the maximum sentence or sentences of each preceding conviction or convictions or adjudication or adjudications of delinquency alleged in the multiple offender bill and the date of the commission of the following offense or offenses. In computing the intervals of time as provided herein, any period of servitude by a person in a penal institution, within or without *473 the state, shall not be included in the computation of any of said ten-year periods between the expiration- of the maximum sentence or sentences and the next succeeding offense or offenses. [Emphasis added].
1 sOn remand from defendant’s second appeal, the State acknowledged that defendant’s federal conviction was ineligible to be used for sentencing enhancement under La. R.S. 15:529.1. However, relying on the case of State v. Wills, supra, the State asserted that defendant’s time under federal supervision should not be used to calculate whether the ten-year cleansing period has elapsed between his state convictions. In Wills, as in the instant case, the State had attempted to file a multiple offender bill of information that used a prior federal conviction of defendant that did not constitute a felony under Louisiana law. The Louisiana Supreme Court disallowed use of the federal conviction at issue, but noted:
The federal convictions cannot be considered a prior felony for the purposes of the defendant’s adjudication as a fourth felony offender. To the extent that the defendant was sentenced to penal servitude for his federal crimes, the federal convictions have a bearing only on the question of whether the five-year cleansing period in La. R.S. 15:529.1(C) has elapsed since the defendant’s second felony conviction, as alleged in the multiple offender bill of information, and .his subsequent Louisiana felony conviction. See, State v. Bennett, 524 So.2d 1297 (La.App. 3rd Cir.1988).
After considering the evidence presented' by the State at the August 5, 2015 multiple offender adjudication, as well as the previous record in its entirety, the trial court here made the following finding:
Based upon a review of the evidence that’s- been introduced, the prior testimony and the transcript and all of the records, let me make this really clear. Based upon a very basic reading of the statute, periods of incarceration and supervision-are not to be considered in the ten-year computation of tirtie. Despite Mr. Baskin’s position that it’s 'a five-year computation arid not a ten, the Court doesn’t find that argument to have any merit, whatsoever. The' statute was amended. He committed or was alleged to have committed an offense in October of 2009 [sic]. At that point in time the Multiple Bill Statute provided for a cleansing period of ten years, so the State has the ability to go back on the conviction history and calculate the cleansing period and the conviction history to determine whéther or not he is eligible to be multiple billed.
| fiBased upon the’previous convictions as outlined in the Multiple Bill and "the exhibits that were introduced as well, as the PACER and the Pen Pack, I find that the ten-year cleansing period did not lapse. I specifically find that his period of. incarceration on the federal offense from 7/26 of ‘06 through 2/26 of 2010, suspended and is not to be counted with regard to the ten-year cleansing period; he is, in fact, found to be a third offender pursuant to the Multiple Offender Statute.
In the instant case, at the multiple'offender. adjudication hearing on remand, the State introduced evidence of defendant’s prior state convictions from 1990[2] and 1992.[3] Defendant was released from pro *474 bation supervision on August 13, 1996, for his 1992 conviction. Thus, the ten-year cleansing period would have expired on August -13, 2006. However, the.time that defendant spent under federal supervision, from July 26, 2006, through February 26, 2010,[4] is not included in the computation of the ten-year period. Therefore, to be within the cleansing period, the instant offense(s) would have had tp have been committed before March 18, 2010.[5] The record shows that, after reporting, to federal prison on July 26,. 2006, defendant spent 12 months and one day in the custody of the. United States Bureau of Prisons, followed by a three year term of supervised release. Accordingly, defendant’s release from physical incarceration -would have been on or about July 28, 2006, at which time his supervised release began. Defendant’s supervised release ended on February 26, 2010 [6], after which the |719 days left on his cleansing period would extend the cleansing period,,to March 18, 2010. The bill of information for the instant underlying offense for which defendant was charged provided a date of offense as on or between October 9, 2008, and March 31, 2010, Evidence presented at the uncjerly-ing trial on the matter established that the offenses were committed before March 18, 2010[7], and defendant was found guilty as charged.
Based upon our review of the record, the evidence presented by the State at the multiple offender hearing and the trial court’s reasons for judgment, we find that it'was established that dates of the instant offenses occurred within the ten-year cleansing period. We find that — the time that defendant spent under federal supervision for his federal offense was properly excluded in the computation of the cleansing period as á “period of servitude” referenced in La. R.S. 15:529.1(C), and used appropriately as per State v. Wills, supra. Therefore, it is the opinion of this Court that the evidence presented by the State was sufficient to sentence the defendant as á third felony offender and we hereby' affirm defendant’s adjudicátion and sentence.

ERRORS PATENT REVIEW

The record was reviewed for errors patent in accordance with La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), *475 and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We note the following:

Patent Error Number One

Defendant was not advised of the time period for seeking post-conviction relief as required by La.C.Cr.P. art. 930.8. If a trial court fails to | Sadvise, or provides an incomplete advisal, pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. See State v. Brooks, 12-226 (La.App. 5 Cir. 10/30/12), 103 So.3d 608, writ denied, 12-2478 (La.4/19/13), 111 So.3d 1030. Accordingly, we now advise defendant by way of this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La.C.Cr.P. arts. 914 or 922.

Patent Error Number Two

Finally, defendant was charged with and convicted of La. R.S. 14:78.1, aggravated incest, a “sex offense”, as defined by La. R.S. 15:541, which necessitates registration under La. R.S. 15:540, et seq. However, the record indicates that the trial judge did not provide written notification of the registration requirements of La. R.S. 15:542 as required by La. R.S. 15:543(A). Accordingly, this matter is remanded and the trial court is ordered to inform defendant of the registration requirements of La. R.S. 15:542 by sending appropriate written notice to him within ten days of the rendition of this opinion, and to file written proof in the record that defendant has received such notice. State v. Alvarez, 10-925 (La.App. 5 Cir. 6/29/11), 71 So.3d 1079, 1086.

CONCLUSION

For the foregoing reasons, defendant’s adjudication as a third felony offender is affirmed. This matter is remanded to the trial court for the limited 19purpose of sending written notice of the registration requirements of La. R.S. 15:542 to defendant.

AFFIRMED: REMANDED WITH INSTRUCTIONS

. Defendant argues in his brief that “La. R.S. 15:529.1(C) specifically states incarceration can not be used in computation for the cleansing period.”

. In that case, defendant was senténced to two years at hard labor after pleading guilty on November 2, 1990, in the Twenty-Fourth .. Judicial District Court, case number 90-0334, for simple burglary.

. The State presented, evidence or defendant s guilty plea on August 13, .1992, in Orleans *474 Parish Criminal District Court case number 357-272', to possession of cocaine.

. The ten-year- "cleansing period’!: begins to run from the date that a defendant is actually discharged from state custody and supervision. State v. Anderson, 349 So.2d 311, 314 (La.1977). Therefore, the commencement of the "cleansing period” is from the "date of discharge from state supervision, because the discharge can take place earlier than the theoretical date on which the sentence would have terminated due to pardon, commutation -. or good time credit, or it could take place later because of parole revocation.” State v. Mosley, 08-1319 (La.App. 5 Cir. 5/26/09), 16 So.3d 398, 401.

. This date represents the 19 days that remained toward completion of the ten-year cleansing period prior to defendant’s federal custody, in addition to the period of suspension toward the cleansing period while defendant was actually under federal supervision.

.. To prove defendant’s actual date of discharge, the State introduced a letter from United State Probation Officer Rodney Douglas, wherein Officer Douglas stated that defendant was discharged from supervised release on February 26, 2010. After inquiring as to whether there was any objection to introduction of the letter, to which defense counsel replied, "no objection,” the trial court admitted the letter. Therefore, the admissibility of the letter to prove the actual date of defendant’s final discharge is not before us.

. The victim in this case,' C.C., testified that defendant raped her while she was in the '7th grade, in 2008, and in the 8th grade, in 2009.