STATE OF LOUISIANA

VERSUS

BRANDON L. PIKE

NO. 22-KA-113

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-661, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

December 28, 2022

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Robert A. Chaisson

**HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED;**
**ORIGINAL SENTENCE ON COUNT ONE REINSTATED; REMANDED**
  **SMC**
  **MEJ**
  **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Assistant Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Paul D. Connick, Jr.
Thomas J. Butler
Juliet L. Clark

COUNSEL FOR DEFENDANT/APPELLANT,
BRANDON L. PIKE
Katherine M. Franks

**CHEHARDY, C.J.**

This is defendant's second appeal. This Court's opinion from defendant's first appeal provides the following factual and procedural history:

> [E]ighty-four-year-old Shirley Fazande[] testified at trial that defendant, Brandon Pike, broke into her home on December 31, 2016, and confronted her in her hallway. She recalled that defendant broke through the front door of her home and was approximately three to four feet away from her when he demanded her money. When she informed defendant that she did not have any money, he pushed her into her bedroom and started "beating [her] in the head," rendering her unconscious. Once she regained consciousness, she was able to call her daughter-in-law for help. When her son and daughter-in-law arrived at her home, she told them that defendant, who lived around the corner, attacked her. The victim explained that she knew defendant from the neighborhood commodity store and testified that she would see him three to four times a week when he would pass in front of her house. The victim further testified that the only item missing from her home was her television. …

> Detective Carl Koppeis of the Jefferson Parish Sheriff's Office testified that … [b]ased on conversations with the victim, her son (Ronald Fazande), and other individuals at the scene, defendant was developed as a suspect. Detective Koppeis testified that he went to the hospital to speak with the victim, and observed substantial swelling to her face, including her left eye which was swollen shut, and dried blood behind her left ear. He further explained that the victim identified defendant from a photographic lineup. Ms. Fazande also told Detective Koppeis that she knew defendant from the neighborhood commodity store and the neighborhood. A warrant was prepared for defendant's arrest, and upon his arrest, scratches were observed on his hands.

> \*\*\*

> On February 17, 2017, the Jefferson Parish District Attorney filed a bill of information charging defendant, Brandon L. Pike, with aggravated burglary of a residence belonging to Shirley Fazande, in violation of La. R.S. 14:60 (count one), and second degree battery of Ms. Fazande, in violation of La. R.S. 14:34.1 (count two). Defendant pled not guilty at his arraignment on February 22, 2017.… A one-day trial commenced before a twelve-

person jury on February 27, 2018. The jury found defendant guilty as charged.

On March 15, 2018, defendant filed a motion for new trial and for post-verdict judgment of acquittal. The following day, March 16, 2018, the trial court denied defendant's post-verdict motions and, after a waiver of delays, sentenced defendant to thirty years imprisonment at hard labor on count one and eight years imprisonment at hard labor on count two. The trial judge ordered the sentences to be served consecutively. Defendant's motion to reconsider sentence was denied by the trial court following sentencing.

*State v. Pike*, 18-538 (La. App. 5 Cir. 5/8/19), 273 So.3d 488, 491-92, *writ denied*, 19-927 (La. 2/10/20), 292 So.3d 60 (internal footnotes omitted).[1]

On June 22, 2018, before this Court affirmed the defendant's convictions and sentences on May 8, 2019, the State filed a multiple-offender bill as to count one, alleging that defendant had pled guilty on August 5, 2011, to violating La. R.S. 14:68.4—unauthorized use of a motor vehicle—and that the trial court had sentenced defendant to thirty months imprisonment at hard labor for that offense.

On October 10, 2018, the trial court held a hearing on the multiple-offender bill, at which the defendant was adjudicated a second-felony offender. The trial court vacated the original sentence for the aggravated burglary conviction (count one) and resentenced defendant to sixty years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.[2] The court ordered the

---

[1] In his first appeal, defendant argued that (1) the evidence presented at trial was insufficient to support his convictions; (2) the trial court erred in sentencing defendant for aggravated battery rather than aggravated burglary; (3) the consecutive sentences imposed are constitutionally excessive; (4) the convictions for both aggravated burglary and second degree battery constitute double jeopardy; (5) trial counsel was ineffective for failing to raise a double jeopardy claim; and (6) the non-unanimous jury verdict violates the Equal Protection Clause and is unconstitutional. This Court affirmed defendant's convictions and sentences on May 8, 2019. *Pike*, 273 So.3d at 493.

[2] The hearing transcript indicates that the trial court improperly restricted defendant's parole eligibility, constituting an additional error patent. As a second-felony offender, defendant was resentenced to sixty years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. This sentence violates La. R.S. 15:529.1(G), which provides that a sentence imposed under La. R.S. 15:529.1 "shall be without benefit of probation or suspension of sentence" but does not restrict the possibility of parole.

enhanced sentence to run consecutively with the eight-year sentence as to count two. Defense counsel objected to the sentence and stated that she would file a motion to reconsider sentence, but the record does not reflect that any such motion was filed.

Defendant timely filed a First Uniform Application for Postconviction Relief and a memorandum in support ("APCR"), alleging that he was denied direct review of his multiple-offender sentence and that he received ineffective assistance of counsel. The State filed its response on May 5, 2021. On June 14, 2021, the trial court denied defendant's APCR. On June 15, 2021, defendant filed a *pro se* traversal of the State's response, which the trial court denied the same day.

Defendant then filed a *pro se* Notice of Intent to Appeal the denial of his APCR. On July 20, 2021, the trial court issued an order construing the notice of intent as a motion to seek writs and set a return date accordingly. This Court denied the writ, stating that because defendant waited more than two years to file his APCR, the claims surrounding the out-of-time appeal and multiple-offender adjudication and sentence were untimely under La. C.Cr.P. art. 930.8, and defendant failed to prove that any exception to the time limit set forth in La. C.Cr.P. art. 930.8 applied. Finally, this Court determined that defendant failed to meet his burden of proving ineffective assistance of counsel. *See State v. Pike*, 21-KH-512 (La. App. 5 Cir. 8/19/21) (unpublished writ disposition).

Defendant sought review with the Louisiana Supreme Court, which granted defendant's writ in part and ordered the trial court to grant defendant an out-of-time appeal as to his multiple-offender adjudication and sentence and to appoint counsel. *State v. Pike*, 21-1500 (La. 12/21/21), 329 So.3d 278. The trial court complied with the Supreme Court's order and set a return date.

In this appeal, defendant assigns two errors: first, that the State failed to carry its burden of proving that he is a multiple offender; second, that his enhanced

sentence is excessive. Finding errors patent that require defendant's multiple-offender adjudication and sentence to be vacated and the matter remanded, we pretermit any discussion of defendant's specified assignments of error.

*Errors Patent*

In defendant's first appeal, he received an error patent review according to La. C.Cr.P. art. 920;[3] *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). This Court found no errors patent. *Pike*, 273 So.3d at 503.

Defendant is entitled to a second error patent review only of his October 10, 2018 multiple-offender adjudication and sentencing. For the reasons that follow, we find that the State's failure to prove that the applicable cleansing period had not elapsed between the expiration of correctional supervision (or the end of imprisonment) for defendant's predicate offense and the date of the current offense constitutes an error patent. *State v. Kisack*, 16-797 (La. 10/18/17), 236 So.3d 1201, 1205, *cert. denied*, -- U.S. --, 138 S.Ct. 1175, 200 L.Ed.2d 322 (2018). *See also State v. Stock*, 16-552 (La. App. 5 Cir. 2/22/17), 212 So.3d 1268, 1280 (finding the State's failure to prove that the cleansing period had not elapsed between the predicate and current offenses warranted reversal of the defendant's adjudication and enhanced sentence as a second-felony offender).

In 2017, the Legislature amended La. R.S. 15:529.1, the Habitual Offender Law, which, among other things, reduced the minimum habitual-offender sentences for certain second, third, and fourth-felony offenders, and shortened the cleansing period for some offenses from ten years to five years. *See State v. Kennon*, 19-998 (La. 9/9/20), 340 So.3d 881, 884 n.2.

---

[3] La. C.Cr.P. art. 920(2) states that an error patent is "[a]n error that is discoverable by an inspection of the pleadings and proceedings and without inspection of the evidence."

Pursuant to the amendment to La. R.S. 15:529.1, for sentencing enhancement, where the prior offense was not a crime of violence or a sex offense, no more than five years may elapse between the "date of the commission of the current offense or offenses and the expiration of the correctional supervision, or term of imprisonment[.]" Here, the State set forth a predicate offense of unauthorized use of a motor vehicle, which is neither a crime of violence as defined in La. R.S. 14:2(B), nor a sex offense as defined in La. R.S. 15:541. As such, La. R.S. 15:529.1(C)(1) applies instead of La. R.S. 15:529.1(C)(2), and the applicable cleansing period is five years.

In *State v. Lyles*, 19-203 (La. 10/22/19), 286 So.3d 407, the Louisiana Supreme Court considered whether the defendant's habitual-offender status and sentence were governed by La. R.S. 15:529.1 as it existed (i) at the time of the commission of the crime in 2015; (ii) as amended by 2017 La. Acts 282; or (iii) as amended by 2018 La. Acts 542. The defendant in *Lyles* relied on Section 2 of Act 282, which provides: "This Act shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions became final on or after November 1, 2017." The State, however, relied on the subsequent amendment to the Habitual Offender Law in 2018, La. Acts 542, to argue that the legislature's subsequent enactment clarified its intent that the version of the Habitual Offender Law in effect at the time of the crime applied.

The *Lyles* Court concluded that the legislature created three categories of persons potentially affected:

> 1. There are persons … whose convictions became final on or after November 1, 2017, and whose habitual offender bills were filed before that date. Those defendants would be eligible to receive the benefits of all ameliorative changes made by Act 282.

> 2. There are persons whose convictions became final on or after November 1, 2017, and whose habitual offender bills were filed between that date and August 1, 2018 (the

effective date of Act 542). Those persons would be eligible to receive the benefit of the reduced cleansing period, and they may also have colorable claims to the other ameliorative changes provided in Act 282, although we need not decide that question today.

3. Finally, there are persons whose convictions became final on or after November 1, 2017, and whose habitual offender bills were filed on or after August 1, 2018. They would receive the reduced cleansing period by operation of Subsection K(2) added by Act 542 but their sentences would be calculated with references to the penalties in effect o[n] the date of commission in accordance with Subsection K(2) added by Act 542.

*Lyles*, 286 So.3d at 410.

The State bears the burden of proving that the predicate convictions fall within the cleansing period prescribed by La. R.S. 15:529.1(C). *State v. McClure*, 14-520 (La. App. 5 Cir. 11/25/14), 165 So.3d 998, 1005, *writ denied*, 14-2694 (La. 10/9/15), 178 So.3d 1001. The cleansing period begins on the date of discharge from state supervision, because the discharge can take place earlier than the theoretical termination date due to pardon, commutation, or good time credit, or it could take place later because of parole revocation. *State v. Boiteux*, 11-191 (La. App. 5 Cir. 12/13/11), 81 So.3d 123, 127-28. If the elapsed time between a defendant's conviction on a predicate felony and his commission of a subsequent predicate felony is less than the cleansing period, however, the State need not prove the date of discharge on the earlier sentence in the habitual offender proceedings. *Id*. at 128.

Defendant was convicted on February 27, 2018. Thus, his conviction became final after November 1, 2017. The State filed the multiple-offender bill on June 22, 2018—between November 1, 2017, and August 1, 2018. Defendant therefore falls within the second *Lyles* category and is eligible to receive the benefit of the reduced cleansing period under La. R.S. 15:529.1. Indeed, in *State v. White*, 21-202 (La. App. 1 Cir. 10/4/21), 330 So.3d 663, 665, the defendant was

convicted of the underlying offense on April 18, 2018, which conviction became final on September 24, 2019, when the Louisiana Supreme Court denied writs. The State filed a multiple-offender bill on May 29, 2018. The appellate court found that the applicable cleansing period would be the five-year period provided in La. R.S. 15:529.1(C)(1).[4]

The record neither establishes the cleansing period that the State sought to apply here nor indicates defendant's discharge date. Defendant's prior conviction occurred on August 5, 2011, and the current offense occurred on December 31, 2016. As such, more than five years lapsed between the date of the prior conviction and the date of the current offense, which is beyond the applicable cleansing period under *Lyles*. Due to the State's failure to establish that the cleansing period had not lapsed and the lack of evidence in the record regarding defendant's discharge date, we vacate defendant's multiple-offender adjudication and sentence and remand to the trial court for further proceedings.[5] *See*, *e.g.*, *State v. Sylvester*, 19-527 (La. App. 3 Cir. 2/5/20), 291 So.3d 718, 726 (finding, on error patent review, that the incorrect cleansing period was applied in light of *Lyles* and that the State failed to prove that at least one of the defendant's predicate convictions was not cleansed, thereby vacating the defendant's multiple-offender adjudication and sentence and remanding for further proceedings). Because double-jeopardy principles do not

---

[4] In *White*, unlike the present case, the defendant stipulated to being a multiple offender, and the appellate court found that she waived any challenge that the State had failed to prove the applicable cleansing period.

[5] The statutory revision also affects the minimum sentence defendant faced as a second-felony offender. Effective November 1, 2017, La. R.S. 15:529.1(A)(1) stated that if the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction.

In *State v. Clark*, 53,325 (La. App. 2 Cir. 3/4/20), 293 So.3d 692, the defendant's convictions became final on or after November 1, 2017, and his multiple-offender bills were filed between that date and August 1, 2018. The Second Circuit noted that the defendant "slipped into a closing window of time which provided him with significant benefit by reducing the minimum sentence" for his enhanced convictions. Defendant in the present case appears similarly situated to benefit from a reduced minimum sentence.

apply to sentence enhancements, the State may retry defendant as a multiple

offender if it chooses to do so. *McClure*, 165 So.3d at 1005.

DECREE

Defendant's adjudication and sentence as a multiple offender are vacated,

and defendant's original sentence on count one is reinstated. The matter is

remanded to the trial court for further proceedings.

**HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED;
ORIGINAL SENTENCE ON COUNT ONE REINSTATED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 28, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-KA-113

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
JULIET L. CLARK (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          KATHERINE M. FRANKS (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053