STATE OF LOUISIANA

VERSUS

FRANKIE BASKIN

NO. 25-KH-62

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

February 18, 2025

Jalisa Walker
Deputy Clerk

**IN RE** FRANKIE BASKIN

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE FRANK A. BRINDISI, DIVISION "E", NUMBER 11-4594

---

Panel composed of Judges Fredericka Homberg Wicker,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

In his writ application, relator, Frankie Baskin, seeks review of the trial court's October 17, 2024 Order denying relator's motion to correct an illegal multiple offender sentence. In his motion, relator alleges that his multiple offender sentence is illegal because the State failed to meet its burden to prove that his predicate convictions fell within the applicable cleansing period to adjudicate him as a third-felony offender.

Although La. C.Cr.P. art. 882(A) provides that an illegal sentence may be corrected at any time, a defendant must point to an illegal term in his sentence to raise a claim cognizable in a motion to correct an illegal sentence. *State v. Parker*, 98-256 (La. 5/8/98), 711 So.2d 694, 695. A defendant may only raise claims relating to the legality of the sentence itself under the applicable sentencing statutes in a motion to correct an illegal sentence. *State v. Gedric*, 99-1213 (La. App. 1 Cir. 6/3/99), 741 So.2d 849, 851-852, *writ denied*, 99-1830 (La. 11/5/99), 751 So.2d 239. Here, relator does not point to an illegal term in his sentence; rather, he contests his adjudication as a third-felony offender. Thus, relator's claim is not cognizable in a motion to correct an illegal sentence, and the trial court correctly considered relator's motion as an application for post-conviction relief (APCR).

Further, this Court has previously reviewed and rejected the issues raised by relator with respect to the calculation of the cleansing period and his adjudication as a third-felony offender on direct appeal and in a prior APCR. *See State v. Baskin*, 15-704 (La. App. 5 Cir. 3/30/16), 188 So.3d 470, 474, *writ denied*, 16-833 (La. 4/24/17), 220 So.3d 741; *see also State v. Baskin*, 23-445 (La. App. 5 Cir.

9/25/23), *writ denied*, 23-1470 (La. 3/5/24), 380 So.3d 570 (unpublished writ disposition) (providing extensive review of the procedural history of relator's multiple offender adjudication).

Accordingly, we agree with the trial court that this APCR is untimely, successive, and repetitive, and this writ application is denied.

Gretna, Louisiana, this 18th day of February, 2025.

**SUS**
**FHW**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **02/18/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-KH-62**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Frank A. Brindisi (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Frankie Baskin #290521 (Relator)
Dixon Correctional Institute
Post Office Box 788
Jackson, LA 70748