STATE OF LOUISIANA

VERSUS

FRANKIE BASKIN

NO. 25-KH-408

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

September 22, 2025

Linda Tran
First Deputy Clerk

**IN RE** FRANKIE BASKIN

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE FRANK A. BRINDISI, DIVISION "E", NUMBER 11-4594

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Stephen J. Windhorst

**WRIT DENIED**

In this *pro se* writ application, relator, Frankie Baskin, seeks review of the trial court's July 31, 2025 ruling, denying his motion to correct an illegal sentence. For the following reasons, we find no error in the trial court's ruling and deny this writ application.

On July 22, 2025, relator filed a uniform motion to correct an illegal sentence, alleging that his habitual offender sentence is illegal because his adjudication as a third-felony offender is erroneous. Relator asserts one of his previous convictions was improperly used in his habitual offender adjudication. On July 31, 2025, the trial court denied relator's motion, finding the motion was repetitive and successive. The district court also found that relator's claim was untimely based on the State's habitual offender bill of information filed on September 20, 2012 and La. R.S. 15:529.l D(l)(b), which states, in pertinent part: "Any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."

Although La. C.Cr.P. art. 882(A) provides that an illegal sentence may be corrected at any time, a defendant must point to an illegal term in his sentence to raise a claim cognizable in a motion to correct an illegal sentence. State v. Parker, 98-256 (La. 5/8/98), 711 So.2d 694, 695; State v. Ellison, 17-319 (La. App. 5 Cir. 12/13/17), 234 So.3d 217, 223, writ denied, 18-53 (La. 10/29/18), 255 So.3d 568. When a defendant fails to point to an illegal term in his sentence, he does not raise a claim cognizable in a motion to correct an illegal sentence. Id. Here, relator does not point to an illegal term in his sentence; but instead, he contests his adjudication as a third-felony offender. As a result, relator's challenge to his sentence is not cognizable in a motion to correct illegal sentence. Thus, we find no error in the trial court's denial of relator's motion to correct illegal sentence.

In addition, this court has previously reviewed and rejected the issues raised by relator with respect to his adjudication as a third-felony offender on direct appeal and in a prior APCR. See State v. Baskin, 15-704 (La. App. 5 Cir. 3/30/16), 188 So.3d 470, 474, writ denied, 16-833 (La. 4/24/17), 220 So.3d 741; see also State v. Baskin, 23-445 (La. App. 5 Cir. 9/25/23), writ denied, 23-1470 (La. 3/5/24), 380 So.3d 570 (unpublished writ disposition) (providing extensive review of the procedural history of relator's habitual offender adjudication). Further, the Louisiana Supreme Court has also found relator has exhausted his right to collateral review. State v. Baskin, 25-322 (La. 9/10/25), — So.3d —, 2025 WL 2611597.

Accordingly, we find this writ application is untimely, successive, and repetitive, and deny this writ.

Gretna, Louisiana, this 22nd day of September, 2025.

**SJW**
**FHW**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/22/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**25-KH-408**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Frank A. Brindisi (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Frankie Baskin #290521 (Relator)
Dixon Correctional Institute
Post Office Box 788
Jackson, LA 70748